LAFAYETTE & KUMAGAI LLP
GARY T. LAFAYETTE (SBN 88666)
 Email: glafayette@lkclaw.com
JOHN T. MADDEN (SBN 260213)
 Email: jmadden@lkclaw.com
INGRID M. AHUJA (SBN 274223)
 Email: iahuja@lkclaw.com
SAISRUTHI PASPULATI (SBN 319879)
 Email: spaspulati@lkclaw.com
1300 Clay Street, Suite 810
Oakland, California  94612
Telephone:     (415) 357-4600
Facsimile:     (415) 357-4605

Attorneys for Defendant
WAYFAIR LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHARLES HENDRIX, individually and on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WAYFAIR LLC, a Delaware Limited Liability Company; and DOES 1-50, inclusive,<br><br>Defendants. | Case No. _____<br><br>**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**<br><br>**[DIVERSITY (CLASS ACTION FAIRNESS ACT OF 2005)]**<br><br>(Riverside Superior Court Case No. CVR12201919)<br><br>Complaint Filed:     May 13, 2022<br>Trial Date:          None Set |

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
TEL: (415) 357-4600
FAX: (415) 357-4605

1   TO THE CLERK OF THE ABOVE-ENTITLED COURT:

2       PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332(d), 1441(a) and 1446,

3   WAYFAIR LLC ("Wayfair" or "Defendant") hereby removes to this Court the state court action

4   pending in the Superior Court of the State of California, County of Riverside, entitled *CHARLES*

5   *HENDRIX, individually and on behalf of himself and all others similarly situated, Plaintiffs, v.*

6   *WAYFAIR LLC, a Delaware Limited Liability Company; and DOES 1-50, inclusive, Defendants*,

7   Case No. CVRI2201919 (the "Action").

8   **PROCEDURAL BACKGROUND AND GROUNDS FOR REMOVAL**

9       1.      Plaintiff CHARLES HENDRIX (individually, "Plaintiff") commenced the Action

10  against Defendant by filing a Class Action Complaint (the "Complaint") in the Riverside

11  Superior Court on May 13, 2022. Wayfair is the only Defendant named in the Action.

12      2.      As shown herein, the Action is a civil action of which this Court has original

13  jurisdiction pursuant to the Class Action Fairness Act of 2005's ("CAFA's") diversity

14  jurisdiction provisions (28 U.S.C. § 1332(d)), and is one which may be removed to this Court by

15  Wayfair pursuant to 28 U.S.C. § 1441(a).

16      3.      According to the online docket of the Riverside Superior Court, a Case

17  Management Conference in the state court action is currently set for July 15, 2022.

18  **TIMELINESS OF REMOVAL**

19      4.      Wayfair was served with a copy of the Summons and Complaint on May 31, 2022.

20  (A true and correct copy of the Complaint and Summons is attached hereto as **Exhibit A**.)

21      5.      On June 30, 2022, Defendant filed an Answer to the Complaint.  (A true and

22  correct copy of the Answer is attached hereto as **Exhibit B**.)

23      6.      The Complaint and Answer constitute the only pleadings that have been filed in

24  the Action as of the filing date of this this Notice of Removal.

25      7.      This Notice of Removal has been filed within thirty (30) days after Wayfair was

26  served with the summons and complaint and is therefore timely under 28 U.S.C. §1446(b)(1).

27  ///

28  ///

1
NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

**JOINDER IN OR CONSENT TO CAFA REMOVAL**

8.      No other defendants have been named in the Action. Therefore, 28 U.S.C. § 1453(b), which requires all defendants' joinder in or consent to removal under CAFA, does not apply.

**SERVICE ON PLAINTIFF'S COUNSEL AND TRIAL COURT**

9.      In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies a copy of this Notice of Removal and all supporting pleadings will be promptly served on Plaintiff's counsel and filed with the Clerk of the Riverside Superior Court. Thereupon, all procedural requirements under 28 U.S.C. § 1446 will be satisfied.

**VENUE**

10.      Venue of this action lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1446(a), because the state court from which the Action is removed is located in this District.

**ORIGINAL JURISDICTION**

**UNDER THE CLASS ACTION FAIRNESS ACT (28 U.S.C. § 1332(d))**

11.      CAFA vests a district court with original jurisdiction of a class action where: (a) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest or costs" (28 U.S.C. § 1332(d)(2)); and (b) "any member of a class of Plaintiffs is a citizen of a State different from any Defendant (28 U.S.C. § 1332(d)(2)(A); *see Luther v. Countrywide Home Loans Servicing LP*, 553 F.3d 1031, 1033-1034 (9th Cir. 2008) ("complete diversity is not required")); (c) the primary defendants are not "States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief" (28 U.S.C. § 1332(d)(5)(A)); and (d) "the number of members of all proposed plaintiff classes is in the aggregate" at least 100 (28 U.S.C. § 1332(d)(5)(B)). The Action satisfies all four criteria for CAFA removal of a class action.

/ / /

/ / /

/ / /

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
TEL: (415) 357-4600
FAX: (415) 357-4605

**A.    Class Action.**

12.    The Complaint alleges breaches of Wayfair's duty to pay non-exempt employees compensation under applicable IWC California Wage Orders and California Code of Regulations, Title 8, section 11000 *et seq*. (Complaint (Exh. A), ¶ 1 at 1:6-10.)

13.    Plaintiff's Complaint includes the following nine causes of action:

(a)    A First Cause of Action for Failure to Pay Minimum Wages (California Labor Code §§ 204, 210, 216, 558, 1182.12, 1194, 1197, 1198). (Complaint (Exhibit A), ¶¶ 49-61 at 12:21-14:5.)

(b)    A Second Cause of Action for Failure to Pay Overtime Owed (California Labor Code §§ 1194, 1197, 510, 1198, and California Industrial Welfare Commission Wage Order No. 1-2001). (*Id.*, ¶¶ 62-72 at 14:9-15:20.)

(c)    A Third Cause of Action for Failure to Provide Meal Periods (California Labor Code §§ 226.7 and 512). (*Id.*, ¶¶ 73-83 at 15:25-17:2.)

(d)    A Fourth Cause of Action for Failure to Authorize and Permit Rest Periods (California Labor Code § 226.7(a)). (*Id.*, ¶¶ 84-92 at 17:6-18:17.)

(e)    A Fifth Cause of Action for Failure to Timely Pay Wages Due and Payable (California Labor Code §§ 204 and 210(a)). (*Id.*, ¶¶ 93-103 at 18:23-19:18.)

(f)    A Sixth Cause of Action for Failure to Pay All Wages Earned at Separation (California Labor Code §§ 201-203). (*Id.*, ¶¶ 98-103 at 19:22-20:103.)

(g)    A Seventh Cause of Action for Failure to Reimburse Necessary Expenses (California Labor Code § 2802). (*Id.*, ¶¶ 104-110 at 20:14-21:3.)

(h)    An Eight Cause of Action for Failure to Furnish Itemized Wage Statements (California Labor Code §§ 226, 1174, 1175). (*Id.*, ¶¶ 111-120 at 21:8-23:18.)

/ / /

/ / /

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
TEL: (415) 357-4600
FAX: (415) 357-4605

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
TEL: (415) 357-4600
FAX: (415) 357-4605

(i)     A Ninth Cause of Action for Violation of the Unfair Competition Law (California Business and Professions Code §§ 17200 *et seq.*). (*Id.*, ¶¶ 121-127 at 23:22-24:20.)

14.     Plaintiff brings the Action as a putative class action. (Complaint (Exh. A), ¶ 1 at 1:6-10, ¶¶ 43-48 at 7:10-12:16.)

15.     Plaintiff prays for compensatory, economic, and/or special damages (Complaint, Prayer, at 24:22-27:5), for unpaid wages (*Id.*, at 24:22-26:6), for penalties "according to statute" and California Labor Code §§ 203 and 226 (*Id.*, at 24:22-27:5), for "restitution and/or disgorgement" under California Business and Professions Code §§ 17200 et seq. (*Id.*, 27:8-12), and for interest and attorneys' fees "pursuant to statute," under California Labor Code §§ 1194, 1197 and 1198 and California Code of Civil Procedure § 1021.5 (*Id.*, at 24:22-27:5).

**B.     Class Size.**

16.     Plaintiff defines the proposed class as:

"[A]ll persons who are or were employed by the Defendants as hourly paid, non-exempt employees at facilities in the State of California at any time from four years prior to the filing of this action through resolution or trial of the matter."

(Complaint (Exh. A), ¶ 45 at 7:15-18.)

17.     Plaintiff also seeks to represent ten (10) subclasses included in the proposed class.

18.     Plaintiff alleges that the Class has more than 100 members. (Complaint (Exh. A), ¶ 48 at 9:4-10.)

19.     At present, Wayfair employs over 633 warehouse employees in California. (Declaration of Steven Ni Support of Defendant's Notice of Removal, dated June 30, 2022 ("Ni Decl."), ¶ 6 at 1:23-27.) Between May 13, 2018 and May 13, 2022, Wayfair employed 4285 non-exempt warehouse employees in California. (*Id.*)

20.     Based on the foregoing, the number of class members is at least 100, and the Action meets CAFA's numerosity requirement. 28 U.S.C. § 1332(d)(5)(B).

/ / /

/ / /

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
TEL: (415) 357-4600
FAX: (415) 357-4605

**C.     CAFA Amount in Controversy.**

21.     The alleged amount in controversy, exclusive of interest and costs, exceeds $5,000,000 in the aggregate. "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002) (citation omitted). In a wage and hour case, the amount in controversy "is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414-15 (9th Cir. 2018).

22.     Although Plaintiff does not specify a total amount in controversy, the Complaint's allegations demonstrate that this case satisfies the $5,000,000 CAFA threshold (28 U.S.C. § 1332(d)(2)). *See Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013) (a plaintiff should not be able to "prevent … removal by failing to reveal information showing removability and then objecting to removal when the defendant has discovered that information on its own"; declarations by Vice President of Human Resources and General Counsel sufficed to establish amount in controversy in excess of $5,000,000). Furthermore, a defendant noticing removal need only include a "plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 135 S.Ct. 547, 554, 190 L.Ed.2d 495 (2014). "Evidence establishing the amount is required by [28 U.S.C.] § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Ibid.*

23.     Plaintiff has identified a large class of putative Class members, whose claims "shall be aggregated to determine whether the matter in controversy exceeds the sum of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6). All calculations supporting the amount in controversy are based on the Complaint's allegations, assuming, without any admission of the truth of the facts alleged and assuming solely for purposes of this Notice of Removal that liability is established.

**1.     <u>Unpaid Overtime Claim.</u>**

24.     For unpaid overtime violations, the applicable statute of limitations is four years (three under the Labor Code for unpaid wages (Cal. Civ. Proc. Code 338(a)), extended by one year for the UCL claim (Cal. Bus. & Prof. Code § 17208)). Plaintiff alleges that, "[he] and the Class Members worked in excess of eight (8) hours in 5 day and/or over forty (40) hours in a workweek, but were not properly paid for such time at a rate of time and one-half the employee's regular rate of pay per hour." (Complaint, ¶ 27 at 5:4-6.) Further, Plaintiff claims that, "[he] and the Class members were required to clock in at the beginning of their shifts, clock out for lunch, in at the end of their lunch periods and out at the end of their shifts. However, Plaintiff and the Class Members were not paid for all hours worked because employees were required to work off the clock, including but not limited to temperature checks, Covid-19 screening, and time clock delays." (Complaint, ¶ 26 at 4:27-5:3.)

25.     During the relevant time period alleged in the Complaint, Plaintiff was employed in an hourly, non-exempt position as a Warehouse Team Lead. As stated, Wayfair employed at least 4285 warehouse employees from May 13, 2018 to May 13, 2022. (Ni Decl., ¶ 6 at 1:23-27.) These 4285 current and former employees worked full-time for a total of approximately 188,540 workweeks. (*Id.*) For the period from May 13, 2018 to the present, base hourly pay rates for the employees is approximately $17.91. (Ni Decl., ¶ 7 at 2:1-7.)

26.     While Wayfair denies that Plaintiff or any putative class member is entitled to any overtime wages, Plaintiff alleges that workhouse employees worked overtime daily, particularly for temperature checks, Covid-19 screening, and time clock delays. (Complaint, ¶ 26 at 4:27-5:3.) Assuming at least 15 minutes of overtime in excess of eight hours per day or 40 hours per week for each putative class member, the amount in controversy would be approximately **$7,597,690.65** [(188,540 workweeks) x ($17.91 average hourly pay rate times 1.5) x (1.5 overtime hours per week)]. The amount in controversy is likely much higher given that Plaintiff alleges that he and the putative class regularly worked excessive overtime.

**2.     Waiting Time Penalties.**

27.     Based on the alleged nonpayment of wages, Plaintiff contends that for each non-exempt California employee separated from employment during the past four years, Wayfair

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
TEL: (415) 357-4600
FAX: (415) 357-4605

owes (or will owe) 30 days' wages. (Complaint, ¶¶ 98-103 at 19:22-20:103.) Pursuant to Labor Code Section 203, an employer who willfully fails to pay all wages due at the time of termination or resignation results in a penalty of continued wages for each day a former employee is not paid, up to a 30-day maximum. See Cal. Lab. Code § 203(a).

28.    As noted, Wayfair currently employs over 633 hourly, non-exempt warehouse employees in California. (Ni Decl., ¶ 6 at 1:23-27.) In the past four years, Wayfair employed 4285 non-exempt warehouse employees in California. (*Id.*) While Wayfair denies that Plaintiff or any putative class member is entitled to any penalties, for purposes of estimating the waiting time pay claim, there have been approximately 3,652 separations over the four-year period prior to Plaintiff's filing of the complaint. (*Id.*, ¶ 9 at 2:10-12.) The amount in controversy on this claim for waiting time penalties is **$15,697,756.80** [8 hours per day x $17.91 average hourly pay rate x 30 days x 3,652 employees].

### 3.    Inaccurate Wage Statement Claim.

29.    Plaintiff asserts a claim for failing to provide accurate wage statements under California Labor Code Section 226. (Complaint (Exh. A), ¶¶ 111-120 at 21:8-23:18.) California Labor Code Section 226(e) provides a minimum of $50 for the initial violation as to each employee, and $100 for each further violation as to each employee, up to a maximum penalty of $4,000 per employee. The statute of limitations for recovery of penalties under California Labor Code Section 226 is one year. Cal. Civ. Proc. Code § 340(a).

30.    Based on the alleged nonpayment of wages, Plaintiff alleges that Wayfair is liable for penalties under California Labor Code § 226(e) (providing for a penalty of "fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000)"), which Wayfair denies that Plaintiff or any putative class member is entitled to. (Complaint (Exh. A), ¶¶ 119-120 at 23:8-18.)

31.    As noted above, Wayfair presently employs over 633 hourly, non-exempt warehouse employees in California. (Ni Decl., ¶ 6 at 1:23-27.) Wayfair pays its employees bi-weekly, so there are 26 pay periods each year. (Ni Decl., ¶ 8 at 2:8-9.) For each warehouse

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
TEL: (415) 357-4600
FAX: (415) 357-4605

employee, a year's worth of penalties would equal $2,550 ($50 + ($100 * 25)). Multiplying $2,550 times 633 (the number of hourly, non-exempt warehouse employees) yields an estimated total of **$1,614,150** in Labor Code § 226(e) penalties.

32.      Altogether, the monetary relief Plaintiff seeks on only a few theories of recovery, exclusive of attorneys' fees, are:

      a.      $7,597,690.65 in unpaid overtime wages; plus

      b.      $15,697,756.80 in waiting time penalties for alleged failures to pay all wages due on separation; plus

      c.      $1,614,150 in wage statement penalties under Labor Code § 226(e).

33.      **Based on the above calculations, the total amount in controversy is $24,909,597.45.**  As noted, all calculations supporting the amount in controversy are based on the Complaint's allegations, assuming, without any admission of the truth of the facts alleged and assuming solely for purposes of this Notice of Removal that liability is established and damages, if any, are proven.

    **4.   Attorneys' Fees.**

34.      Plaintiff also seeks attorneys' fees and costs pursuant to California Labor Code §§ 1194, 1197 and 1198 and California Code of Civil Procedure § 1021.5. (Complaint, Prayer, at 24:22-27:5.) Attorneys' fees, both pre- and post-removal, are included in calculating the amount in controversy. *Fritsch v. Swift Transp. Co of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 1998). A 25% benchmark is common in wage and hour class actions. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998); *Victoria E. Lucas v. Michael Kors (USA), Inc.*, No. CV 18-1608 MWF (MRWx), 2018 WL 2146403, at *12 (C.D. Cal. May 9, 2016). Therefore, if Plaintiff was to recover on all of their wage and penalty claims, their counsel's attorneys' fees claim could easily amount to over $6,227,399. Therefore, the total amount in controversy is $31,136,997.

35.      Based on the foregoing, the amount in controversy in this litigation exceeds the sum of $5,000,000, exclusive of interest and costs, and this matter meets the CAFA amount in controversy threshold.

/ / /

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
TEL: (415) 357-4600
FAX: (415) 357-4605

**D.      CAFA Diversity.**

36.      Diversity exists under 28 U.S.C. § 1332(d)(2)(A) where "any member of a class of plaintiffs is a citizen of a State different from any defendant."

**1.      Plaintiff's Citizenship.**

37.      Plaintiff is a citizen of the State of California. (Complaint (Exh. A), ¶¶ 10-13 at 4:5-13.)

38.      The class of employees Plaintiff seeks to represent only includes individuals who have worked at Wayfair's facilities in California within the past four years. (Complaint (Exh. A), ¶ 45 at 7:15-18.)

**2.      Defendant's Citizenship.**

39.      Plaintiff concedes that Wayfair was formed under Delaware law and has its principal place of business in Boston, Massachusetts. (Complaint, ¶ 12 at 3:4-5.) In fact, Wayfair is a limited liability company.

40.      For CAFA diversity purposes, an "unincorporated association" is "a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10); see *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) ("§ 1332(d)(10) ... departs from the rule that frequently destroys diversity jurisdiction, that a limited partnership's or unincorporated association's citizenship for diversity purposes can be determined only by reference to all of the entity's members."). Therefore, for CAFA diversity purposes, a limited liability company is treated as an "unincorporated association," and is a citizen of its state of organization and if applicable, the state where it has its principal place of business. *Ramirez v. Carefusion Resources, LLC*, No. 18-CV-2852-BEN-MSB, 2019 WL 2897902, at *2 (S.D. Cal. July 5, 2019).

41.      Wayfair was organized in the State of Delaware and has its principal place of business in Boston, Massachusetts. (Ni Decl., ¶¶ 10-11 at 2:13-21.) CAFA diversity exists, because Wayfair is a citizen of the States of Delaware (under whose laws it was organized) and Massachusetts (where it has its principal place of business).

/ / /

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
TEL: (415) 357-4600
FAX: (415) 357-4605

42. Diversity of citizenship exists under 28 U.S.C. § 1332(a)(1) and (d)(2)(A), inasmuch as Plaintiff is a citizen of California, and Wayfair is a citizen of Delaware and Massachusetts.

**3.**   **Doe Defendants' Citizenship Is Disregarded.**

43. The presence of Doe defendants in this case has no bearing on diversity of citizenship for removal. *See* 28 U.S.C. § 1441(a) ("For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded."). *See also Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) ("[I]f Fristoe's objection can be read as including the failure of the unidentified 'officers' of Reynolds and the unions, as well as the Doe defendants, to join in the removal petition, their joinder [in the removal] was unnecessary."); *Soliman v. Philip Morris, Inc.*, 311 F. 3d 966, 971 (9th Cir. 2002) ("[C]itizenship of fictitious defendants is disregarded for removal purposes and becomes relevant only if and when the plaintiff seeks leave to substitute a named defendant."). Thus, the existence of Doe defendants 1-50 does not deprive this Court of jurisdiction. *Abrego v. Dow Chemical Co.*, 443 F.3d 676, 679-680 (9th Cir. 2006) (rule applied in CAFA removal).

44. Based on the foregoing, this Court has jurisdiction over the Action under the CAFA.

WHEREFORE, Defendant Wayfair removes the above action now pending in the Superior Court of the State of California for the County of Riverside to this Court.

DATED:  June 30, 2022                     **LAFAYETTE & KUMAGAI LLP**

By: _____
    Gary T. Lafayette
    Attorneys for Defendant
    WAYFAIR LLC

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
TEL: (415) 357-4600
FAX: (415) 357-4605

# EXHIBIT A

Electronically FILED by Superior Court of California, County of Riverside on 05/13/2022 03:25 PM
Case Number CVRI2201919 0000021346145 - W. Samuel Hamrick Jr., Executive Officer/Clerk of the Court By Araceli Amezcua, Clerk

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

WAYFAIR, LLC, a Delaware Limited Liability Company, and DOES 1-50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

CHARLES HENDRIX, individually and on behalf of himself and all others similarly situated,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:
*(El nombre y dirección de la corte es):*  Riverside Historic Courthouse
4050 Main Street, Riverside, CA 92501 | CASE NUMBER: *(Número del Caso):*
CVRI2201919 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

JAMES HAWKINS APLC, 9880 Research Drive, Suite 200 Irvine CA 92618; (949)387-7200

| DATE:
*(Fecha)*   05/13/22 | Clerk, by
*(Secretario)*  _Araceli Amezcua_ | , Deputy
*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL]

GC68150(g)

**NOTICE TO THE PERSON SERVED:** You are served

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [X] on behalf of *(specify):* WAYFAIR, LLC, a Delaware Limited Liability Company

    under: [ ] CCP 416.10 (corporation)   [ ] CCP 416.60 (minor)
    [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
    [ ] CCP 416.40 (association or partnership)   [ ] CCP 416.90 (authorized person)
    [X] other *(specify):* LLC
4. [ ] by personal delivery on *(date)*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

Electronically FILED by Superior Court of California, County of Riverside on 05/13/2022 03:25 PM
Case Number CVRI2201919 0000021346142 - W. Samuel Hamrick Jr., Executive Officer/Clerk of the Court By Araceli Amezcua, Clerk

James R. Hawkins (SBN 192925)
Christina M. Lucio (SBN 253677)
**JAMES HAWKINS APLC**
9880 Research Drive, Suite 200
Irvine, California 92618
Telephone: (949) 387-7200
Facsimile: (949) 387-6676
James@Jameshawkinsaplc.com
Christina@Jameshawkinsaplc.com

Attorneys for Plaintiff Charles Hendrix,
on behalf of himself and all others similarly situated

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF RIVERSIDE

| | |
|---|---|
| CHARLES HENDRIX, individually and on behalf of himself and all others similarly situated, | Case No.  CVRI2201919 |
| | **COMPLAINT** |
| Plaintiff, | *Assigned for All Purposes To:* Hon. Dept.: |
| v. | |
| WAYFAIR, LLC, a Delaware Limited Liability Company, and DOES 1-50, inclusive, | **COMPLAINT FOR DAMAGES FOR:** |
| Defendants. | 1) **Failure to Pay Minimum Wages;** |
| | 2) **Failure to Pay Overtime Owed;** |
| | 3) **Failure to Provide Lawful Meal Periods;** |
| | 4) **Failure To Authorize And Permit Rest Periods;** |
| | 5) **Failure to Timely Pay Wages During Employment** |
| | 6) **Failure to Timely Pay Wages Owed Upon Separation From Employment;** |
| | 7) **Failure to Reimburse Necessary Expenses;** |
| | 8) **Knowing and Intentional Failure to Comply with Itemized Wage Statement Provisions;** |
| | 9) **Violation of the Unfair Competition Law;** |
| | **DEMAND FOR JURY TRIAL** |

COMES NOW, Plaintiff CHARLES HENDRIX ("Plaintiff"), individually and on behalf of others similarly situated, and asserts claims against defendants WAYFAIR, LLC a Delaware Limited Liability Company; and DOES 1-50, inclusive (collectively "Defendants" or "Wayfair") as follows:

**INTRODUCTION**

1.      This is a Class Action, pursuant to California Code of Civil Procedure section 382, on behalf of Plaintiff and any and all persons who are or were employed as non-exempt, hourly employees by Defendants, either directly or indirectly, at facilities in the State of California at any time from four years prior to the filing of this Complaint through resolution or trial of the matter. ("Class Members" or "Non-Exempt Employees".)

2.      Defendants implemented uniform policies and practices that deprived Plaintiff and Class Members of earned wages, including minimum wages; straight time wages; overtime wages; premium wages; lawful meal and/or rest breaks; reimbursement for necessary expenses; and timely payment of wages.

3.      Such actions and policies, as described above and further herein, were and continue to be in violation of the California Labor Code.  Plaintiff, on behalf of himself and all Class members, bring this action pursuant to the California Labor Code, including sections 201, 202, 203, 204, 218.5, 218.6, 221-224, 226, 226.3, 226.7, 245-249, 510, 512, 516, 558, 1174, 1194, 1194.2, 1195, 1197, 1198, 2802, applicable IWC California Wage Orders and California Code of Regulations, Title 8, section 11000 *et seq.*, seeking unpaid wages, unpaid meal and rest period compensation, unreimbursed expenses, penalties, liquidated damages, and reasonable attorneys' fees and costs.

4.      Plaintiff, on behalf of himself and others similarly situated, pursuant to Business and Professions Code sections 17200-17208, also seek restitution from Defendants for their failure to pay to Plaintiffs and Class Members all of their wages, including overtime and premium wages.

**JURISDICTION AND VENUE**

5.      This action is brought as a Class Action on behalf of Plaintiff and similarly situated employees of Defendants pursuant to California Code of Civ. Proc. Section 382. The monetary

1  damages and restitution sought by Plaintiff exceeds the minimum jurisdiction limits of the
2  California Superior Court and will be established according to proof at trial.

3      6.      This Court has jurisdiction over this action pursuant to the California Constitution
4  Article VI §10, which grants the California Superior Court original jurisdiction in all causes except
5  those given by statute to other courts. The statutes under which this action is brought do not give
6  jurisdiction to any other court.

7      7.      This Court has jurisdiction over this Action pursuant to California Code of Civil
8  Procedure, Section 410.10 and California Business & Professions Code, Section 17203.

9      8.      This Court has jurisdiction over Defendants because, upon information and belief,
10 each Defendant is either a resident of California, has sufficient minimum contacts in California, or
11 otherwise intentionally avails itself of the California market so as to render the exercise of
12 jurisdiction over them by the California Courts consistent with traditional notions of fair play and
13 substantial justice. Defendants have done and are doing business throughout California and
14 Riverside County.

15     9.      The unlawful acts alleged herein have a direct effect on Plaintiff and the other
16 similarly situated Non-Exempt Employees within Riverside County and it is believed that
17 Defendants have employed hundreds of Class Members as Non-Exempt Employees in Riverside
18 County.

19     10.     The California Superior Court also has jurisdiction in this matter because the
20 individual claims of the Class Members described herein are presently believed to be under the
21 seventy-five thousand dollar ($75,000.00) jurisdictional threshold for Federal Court and the
22 aggregate potential damages and recovery by all of the claims of the Plaintiff's Class, including
23 attorneys' fees, placed in controversy by Plaintiff's class-wide claims, is presently believed to be
24 under the five million dollar ($5,000,000.00) threshold of the Class Action Fairness Act of 2005.
25 Further, there is no federal question at issue, as the issues herein are based solely on California
26 statutes and law, including the Labor Code, IWC Wage Orders, the California Code of Civil
27 Procedure, the California Civil Code, and the California Business and Professions Code.

28     11.     Venue is proper in this Court because one or more of the Defendants reside, transact

1  business, or have offices in this County, Plaintiff is a resident of this County, and the acts or
2  omissions alleged herein took place in this County.

3                                                    **PARTIES**

4         12.     Defendant Wayfair, LLC is a Delaware Limited Liability Company doing
5  business in the state of California. It is based at 4 Copley Place, Boston, MA 02116.

6         13.     Upon information and belief, Wayfair employs Non-Exempt Employees, like
7  Plaintiff, throughout the State of California.

8         14.     Plaintiff Charles Hendrix is and during the liability period has been, a resident of
9  California.

10        15.     Plaintiff was employed in an hourly, non-exempt position by Defendants during the
11 relevant time period.

12        16.     Plaintiff and the members of the putative class were employed as hourly paid
13 employees by employed by Defendants, either directly or indirectly, in the State of California at
14 any time from four years prior to the filing of this Complaint.

15        17.     Whenever in this complaint reference is made to any act, deed, or conduct of
16 Defendants, the allegation means that Defendants engaged in the act, deed, or conduct by or through
17 one or more of Defendants' officers, directors, agents, employees, or representatives, who was
18 actively engaged in the management, direction, control, or transaction of the ordinary business and
19 affairs of Defendants.

20        18.     The true names and capacities of Defendants, whether individual, corporate,
21 associate, or otherwise, sued herein as DOES 1 through 50, inclusive, are currently unknown to
22 Plaintiff, who therefore sue Defendants by such fictitious names under Code of Civil Procedure §
23 474. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and
24 capacities of the Defendants designated hereinafter as DOES when such identities become known.

25        19.     Plaintiff is informed and believes, and thereon allege, that the Doe Defendants are
26 the partners, agents, or principals and co-conspirators of Defendants and of each other; that
27 Defendants and the Doe Defendants performed the acts and conduct herein alleged directly, aided
28 and abetted the performance thereof, or knowingly acquiesced in, ratified, and accepted the benefits

1    of such acts and conduct, and therefore each of the Doe Defendants is liable to the extent of the

2    liability of the Defendants as alleged herein.

3          20.     Plaintiff is further informed and believes, and thereon allege, that at all times

4    material herein, each Defendant was completely dominated and controlled by its co-Defendants

5    and each was the alter ego of the other. Whenever and wherever reference is made in this complaint

6    to any conduct by Defendant or Defendants, such allegations and references shall also be deemed

7    to mean the conduct of each of the Defendants, acting individually, jointly, and severally.

8    Whenever and wherever reference is made to individuals who are not named as Defendants in this

9    complaint, but were employees and/or agents of Defendants, such individuals, at all relevant times

10    acted on behalf of Defendants named in this complaint within the scope of their respective

11    employments.

12                                  **FACTUAL ALLEGATIONS**

13          21.     During the relevant time frame, Defendants compensated Plaintiff and the Non-

14    Exempt Employees based upon an hourly wage.

15          22.     Plaintiff and the Class Members were, and at all times pertinent hereto, have been

16    non-exempt employees within the meaning of the California Labor Code, and the implementing

17    rules and regulations of the IWC California Wage Orders. They are subject to the protections of

18    the IWC Wage Orders and the Labor Code.

19          23.     During the relevant time, Plaintiff was employed by Defendants in an hourly, non-

20    exempt position. He worked as a Warehouse Team Lead in Defendant's facilities approximately 4

21    days per week, 40+ hours per week.

22          24.     Plaintiff is informed and believes, and thereon alleges, that Defendants are and were

23    advised by skilled lawyers and other professionals, employees, and advisors with knowledge of the

24    requirements of California's wage and employment laws.

25          25.     All Class Members are similarly situated in that they are all subject to Defendants'

26    uniform policies and systemic practices as specified herein.

27          26.     Plaintiff and the Class Members were required to clock in at the beginning of their

28    shifts, clock out for lunch, in at the end of their lunch periods and out at the end of their shifts.

1  However, Plaintiff and the Class Members were not paid for all hours worked because employees

2  were required to work off the clock, including but not limited to temperature checks, Covid-19

3  screening, and time clock delays.

4       27.     In addition, Plaintiff and the Class Members worked in excess of eight (8) hours in

5  day and/or over forty (40) hours in a workweek, but were not properly paid for such time at a rate

6  of time and one-half the employee's regular rate of pay per hour.

7       28.     Upon information and belief, Defendants failed to incorporate all forms of non-

8  discretionary compensation into the regular rate, including differentials, bonuses, and incentives.

9       29.     Plaintiff and the Class Members were regularly required to work shifts in excess of

10  five hours without being provided a lawful meal period and, on occasion, over ten hours in a day

11  without being provided a second lawful meal period as required by law.

12       30.     Indeed, during the relevant time, as a consequence of Defendants' scheduling

13  practices, work demands, and Defendants' policies and practices, Defendants frequently failed to

14  provide Plaintiff and the Class Members timely, legally complaint uninterrupted 30-minute meal

15  periods as required by law.  Not only were Plaintiff's and the Class Members' first meal breaks

16  frequently not provided, untimely or short, but also Plaintiff and the Class Members were not

17  provided a second meal period when working shifts in excess of 10 hours and in excess of 12

18  hours.

19       31.     On information and belief, Plaintiff and Class Members did not waive their rights

20  to a second meal period.

21       32.     Despite the above-mentioned meal period violations, Defendants failed to

22  compensate Plaintiff, and on information and belief, failed to compensate Class Members, one

23  additional hour of pay at their regular rate as required by California law when meal periods were

24  not timely or lawfully provided in a compliant manner.

25       33.     Plaintiff is informed and believes, and thereon alleges, that Defendants know,

26  should know, knew, and/or should have known that Plaintiff and the other Class Members were

27  entitled to receive accurate premium wages under Labor Code §226.7 but were not receiving

28  accurately calculated compensation.

34.   In addition, during the relevant time frame, Plaintiff and the Non-Exempt Employees were systematically not authorized and permitted to take one net ten-minute paid, rest period for every four hours worked or major fraction thereof, which is a violation of the Labor Code and IWC wage order.

35.   Defendants maintained and enforced scheduling practices, policies, and imposed work demands that frequently required Plaintiff and Class Members to forego their lawful, paid rest periods of a net ten minutes for every four hours worked or major fraction thereof.   Such requisite rest periods were not timely authorized and permitted.

36.   Despite the above-mentioned rest period violations, Defendants did not compensate Plaintiff, and on information and belief, did not pay Class Members one additional hour of pay at their regular rate as required by California law, including Labor Code section 226.7 and the applicable IWC wage order, for each day on which lawful rest periods were not authorized and permitted.

37.   In addition, Plaintiff and the Class Members were required to carry work-related cellular phones or other communications devices during meal and rest periods, and were required to remain available.  Meal and rest periods were frequently interrupted as a consequence.

38.   Moreover, Plaintiff and the Class Members were required to incur necessary expenses in the discharge of their duties, but were not reimbursed for such costs.

39.   Defendants also failed to provide accurate, lawful itemized wage statements to Plaintiff and the Class Members in part because of the above specified violations.

40.   Defendants have also made it difficult to determine applicable rates of pay and account with precision for the unlawfully withheld wages and deductions due to be paid to Non-exempt Employees, including Plaintiff, during the liability period because they did not implement and preserve a lawful record-keeping method to record all hours worked, and non-provided rest and meal periods owed to employees as required for non-exempt employees by 29 U.S.C. section 211(c), California Labor Code section 226, and applicable California Wage Orders.

41.   Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants knew that at the time of termination of employment (or within 72 hours

1  thereof for resignations without prior notice as the case may be) they had a duty to accurately
2  compensate Plaintiffs and Class Members for all wages owed including straight time, overtime,
3  meal and rest period premiums, and that Defendants had the financial ability to pay such
4  compensation, but willfully, knowingly, recklessly, and/or intentionally failed to do so in part
5  because of the above-specified violations.

6      42.    Plaintiff and the Class Members are covered by applicable California IWC Wage
7  Orders and corresponding applicable provisions of the California Code of Regulations, Title 8,
8  section 11000 *et seq*.

9                           **CLASS ACTION ALLEGATIONS**

10     43.    Plaintiff brings this action on his own behalf, as well as on behalf of each and every
11 other person similarly situated, and thus, seeks class certification under California Code of Civil
12 Procedure §382.

13     44.    All claims alleged herein arise under California law for which Plaintiff seeks relief
14 as authorized by California law.

15     45.    The proposed class is comprised of and defined as: **all persons who are or were**
16 **employed by the Defendants as hourly paid, non-exempt employees at facilities in the State**
17 **of California at any time from four years prior to the filing of this action through resolution**
18 **or trial of the matter.**   (hereinafter collectively referred to as the "Class" or "Class Members").

19     46.    Plaintiff also seeks to represent Subclasses included in the Plaintiff's Class, which
20 are composed of Class Members satisfying the following definitions:

21          a.     All Class Members who were not paid at least minimum wage for all hours
22 worked (collectively **"Minimum Wage Subclass"**);

23          b.     All Class Members who performed warehouse or distribution-related
24 functions (collectively **"Warehouse Subclass"**).

25          c.     All Class Members who were not accurately paid overtime for hours worked
26 over eight in a day or over forty in a workweek **(collectively "Overtime Subclass")**;

27          d.     All Class Members who worked more than five (5) hours in a workday and
28 were not provided with a timely, uninterrupted lawful meal period of net thirty (30) minutes, and

1    were not paid compensation of one hour premium wages at the employee's regular rate in lieu

2    thereof (hereinafter collectively referred to as the "**First Meal Period Subclass**");

3            e.      All Class Members who worked more than ten hours in a workday and were

4    not provided with a timely, uninterrupted lawful second meal period of thirty (30) minutes, and

5    were not paid compensation of one hour premium wages at the employee's regular rate in lieu

6    thereof (hereinafter collectively referred to as the "**Second Meal Period Subclass**");

7            f.      All Class Members who worked more than three and a half hours in a

8    workday and were not authorized and permitted to take a net 10-minute rest period for every four

9    (4) hours or major fraction thereof worked per day and were not paid compensation of one hour

10    premium wages at the employee's regular rate in lieu thereof (hereinafter collectively referred to

11    as the "**Rest Period Subclass**");

12            g.      All Class Members who were not reimbursed for all necessary expenditures

13    (collectively "**Indemnification Subclass**");

14            h.      All Class Members who did not receive all owed wages at time of separation

15    or within 72 hours in the case of resignation (hereinafter collectively referred to as the "**Waiting**

16    **Time Subclass**");

17            i.      All Class Members who were not provided with accurate and complete

18    itemized wage statements (hereinafter collectively referred to as the "**Inaccurate Wage Statement**

19    **Subclass**");

20            j.      All Class Members who were employed by Defendants and subject to

21    Defendant's Unfair Business Practices (hereinafter collectively referred to as the "**Unfair Business**

22    **Practices Subclass**").

23         47.     Plaintiff reserves the right, under Rule 3.765, California Rules of Court, to amend

24    or modify the descriptions of the Class and Subclasses to provide greater specificity as appropriate,

25    or if it should be deemed necessary by the Court or to further divide the Class Members into

26    additional Subclasses or to limit the Subclasses to particular issues. Any reference herein to the

27    Class Members or the Plaintiffs' Class includes the members of each of the Subclasses.

28         48.     As set forth in further detail below, this action has been brought and may properly

1 be maintained as a class action under the provisions of section 382 of the Code of Civil Procedure
2 because there is a well-defined community of interest in the litigation, and the proposed Class and
3 Subclasses are easily ascertainable through Defendants' records.

4          a.     Numerosity: The members of the Class and Subclasses are so numerous that
5 joinder of all members of the Class and Subclasses would be unfeasible and impractical. The
6 membership of the entire Class and Subclasses is unknown to Plaintiff at this time, however, the
7 Class is estimated to be hundreds of individuals. Accounting for employee turnover during the
8 relevant periods necessarily increases this number substantially. Plaintiff alleges Defendants'
9 employment records would provide information as to the number and location of all Class
10 Members. Joinder of all members of the proposed Class is not practicable.

11          b.     The proposed class is easily ascertainable. The number and identity of the
12 class members are determinable from Defendants' payroll records and time records for each class
13 member.

14          c.     Commonality: There are common questions of law and fact as to the Class
15 and Subclasses that predominate over questions affecting only individual Class Members. These
16 common questions of law and fact include, without limitation:

17          1. Whether Defendants accurately paid Class Members for all hours worked;
18          2. Whether Defendants knew or should have known that Class Members were
19             required to perform work off the clock;
20          3. Whether Defendants accurately calculated and paid all Class Members
21             overtime premiums for the hours which Plaintiff and Class Members worked
22             in excess of eight (8) hours per day and/or forty (40) hours per week;
23          4. Whether Defendants accurately paid employees double time for hours
24             worked in excess of 12 hours in one day or for work over 8 hours in a day
25             on the seventh day of work in a workweek;
26          5. Whether Defendants had a policy and practice of providing lawful, timely
27             meal periods in accordance with Labor Code § 512, as well as the applicable
28             Industrial Welfare Commission ("IWC") wage order;

6.   Whether Defendants had a policy and practice of complying with Labor Code section 226.7 and IWC Wage Order on each instance that a lawful, timely 30-minute uninterrupted meal period was not provided;

7.   Whether Defendants failed to authorize and permit a lawful, net 10-minute rest period to the Class Members for every four (4) hours or major fraction thereof worked;

8.   Whether Defendants required employees to remain on the premises during rest periods;

9.   Whether Defendants had a policy and practice of complying with Labor Code section 226.7 and the IWC Wage Order on each instance that a lawful rest period was not provided;

10. Whether Defendants failed to timely pay all wages upon separation in accordance with Labor Code sections 201-202;

11. Whether Defendants failed to reimburse employees for necessary expenses in accordance with Labor Code section 2802;

12. Whether Defendants omitted required information from itemized wage statements;

13. Whether Defendants failed to maintain accurate records of Class Members' earned wages, work periods, meal periods and deductions;

14. Whether Defendants engaged in unfair competition in violation of section 17200 et seq. of the Business and Professions Code;

15. Whether Defendants' conduct was willful and/or reckless;

16. Whether Defendants failed to provide accurate itemized wage statements in violation of Labor Code § 226; and

17. The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendants' violations of California law.

d.   Typicality:  Plaintiff is qualified to, and will fairly and adequately protect the interests of each member of the Class and Subclasses with whom he has a well-defined community of interest.  Plaintiff's claims herein alleged are typical of those claims which could be

alleged by any member of the Class and/or Subclasses, and the relief sought is typical of the relief which would be sought by each member of the Class and/or Subclasses in separate actions. All members of the Class and/or Subclasses have been similarly harmed by Defendants' failure to provide lawful meal and rest periods, failure to reimburse expenses, failure to provide accurate wage statements, failure to timely pay wages at termination, failure to pay minimum wages, rounding practices, and failure to accurately pay all wages earned including all owed premium and overtime wages, all due to Defendants' policies and practices that affected each member of the Class and/or Subclasses similarly. Further, Defendants benefited from the same type of unfair and/or wrongful acts as to each member of the Class and/or Subclasses.

e. <u>Adequacy</u>: Plaintiff is qualified to, and will fairly and adequately protect the interests of each member of the Class and/or Subclasses with whom he has a well-defined community of interest and typicality of claims, as demonstrated herein. Plaintiff acknowledges that he has an obligation to make known to the Court any relationships, conflicts, or differences with any member of the Class and/or Subclasses, and no such relationships or conflicts are currently known to exist. Plaintiff's attorneys and the proposed counsel for the Class and Subclasses are versed in the rules governing class action discovery, certification, litigation, and settlement and experienced in handling such matters. Other former and current employees of Defendants may also serve as representatives of the Class and Subclasses if needed.

f. <u>Superiority</u>: The nature of this action makes the use of class action adjudication superior to other methods. A class action will achieve economies of time, effort, judicial resources, and expense, which would not be achieved with separate lawsuits. The prosecution of separate actions by individual members of the Class and/or Subclasses would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class and/or Subclasses, establishing incompatible standards of conduct for the Defendants, and resulting in the impairment of the rights of the members of the Class and/or Subclasses and the disposition of their interests through actions to which they were not parties. Thus, a class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of all Class Members is not practicable, and questions of law and fact common

1  to the Class predominate over any questions affecting only individual Class Members. Each
2  member of the Class has been damaged and is entitled to recovery by reason of Defendants'
3  unlawful policies and practices that affected each member of the Class and/or Subclasses similarly.
4  Class action treatment will allow those similarly situated persons to litigate their claims in the
5  manner that is most efficient and economical for both parties and the judicial system. Plaintiff is
6  unaware of any difficulties that are likely to be encountered in the management of this action that
7  would preclude its maintenance as a class action.

8       g.    Public Policy Considerations: Employers in the state of California violate
9  employment and labor laws every day. However, current employees are often afraid to assert their
10 rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing actions
11 because they believe their former employers may damage their future endeavors through negative
12 references and/or other means. The nature of this action allows for the protection of current and
13 former employees' rights without fear of retaliation or damage. Additionally, the citizens of
14 California have a significant interest in ensuring employers comply with California's labor laws
15 and in ensuring those employers who do not are prevented from taking further advantage of their
16 employees.

17                          **CLASS ACTION CLAIMS**
18                          **FIRST CAUSE OF ACTION**
19                      **FAILURE TO PAY MINIMUM WAGES**
20               **(By Plaintiff and the Class Against Defendants)**

21       49.   Plaintiff incorporates each and every allegation set forth in all of the foregoing
22 paragraphs as if fully set forth herein.

23       50.   Labor Code section 204 establishes the fundamental right of all employees in the
24 State of California to be paid wages, including minimum wage, straight time and overtime, in a
25 timely fashion for their work.

26       51.   Labor Code section 1194(a) provides that notwithstanding any agreement to work
27 for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime
28 compensation applicable to the employee is entitled to recover in a civil action the unpaid balance

1  of the full amount of this minimum wage or overtime compensation, including interest thereon,

2  reasonable attorney's fees, and costs of suit.

3      52.    Labor Code section 1197 provides:  The minimum wage for employees fixed by the

4  commission or by any applicable state or local law, is the minimum wage to be paid to employees,

5  and the payment of a lower wage than the minimum so fixed is unlawful.

6      53.    Pursuant to Labor Code section 1198, it is unlawful to employ persons for longer

7  than the hours set by the Industrial Welfare Commission or under conditions prohibited by the IWC

8  Wage Order(s).

9      54.    The applicable wage orders and California Labor Code sections 1197 and 1182.12

10  establish the right of employees to be paid minimum wages for all hours worked, in amounts set by

11  state law.

12      55.    Labor Code sections 1194(a) and 1194.2(a) provide that an employee who has not

13  been paid the legal minimum wage as required by Labor Code section 1197 may recover the unpaid

14  balance together with attorneys' fees and costs of suit, as well as liquidated damages in an amount

15  equal to the unpaid wages and interest accrued thereon.

16      56.    During all relevant periods, the California Labor Code and wage orders required that

17  Defendants fully and timely pay its non-exempt, hourly employees all wages earned and due for all

18  hours worked.

19      57.    The IWC Wage Orders define "hours worked" as "the time during which an

20  employee is subject to the control of an employer, and includes all the time the employee is suffered

21  or permitted to work, whether or not required to do so."

22      58.    At all times relevant, Plaintiff and Class Members consistently worked hours for

23  which they were not paid because Defendants frequently required Plaintiff and the Class Members

24  to work off the clock.

25      59.    Plaintiff is informed and believes that Defendants were aware that Plaintiff and the

26  Class Members were working off the clock and that they should have been paid for this time.

27      60.    Defendant's policy and practice of not paying all minimum wages violates

28  California Labor Code sections 204, 210, 216, 558, 1182.12, 1194, 1197, 1197.1, 1198, and the

1  applicable wage order 9-2001.

2      61.    Due to Defendants' violations of the California Labor Code and wage orders,
3  Plaintiff and the Minimum Wage Subclass members are entitled to recover from Defendant their
4  unpaid wages, statutory penalties, reasonable attorneys' fees and costs in this action, and pre-
5  judgment and post-judgment interest, as well as liquidated damages.

## SECOND CAUSE OF ACTION
### FAILURE TO PAY OVERTIME OWED
**(By Plaintiff and the Class Against All Defendants)**

      62.    Plaintiff incorporates each and every allegation set forth in all of the foregoing
paragraphs as if fully set forth herein.

      63.    During all relevant periods, Defendant required Plaintiff and the Class members to
work shifts in excess of eight (8) hours per workday and/or to work in excess of forty (40) hours
per workweek.

      64.    During all relevant periods, both the California Labor Code sections 1194, 1197,
510, 1198, and the pertinent wage order 9-2001 required that all work performed by an employee
in excess of eight (8) hours in any workday, on the seventh day of work in any workweek, or in
excess of forty (40) hours in any workweek be compensated at one and one-half (1.5) times the
employee's regular rate of pay.  Any work in excess of twelve (12) hours in one (1) day is required
to be compensated at the rate of no less than twice the regular rate of pay for an employee. In
addition, any work in excess of eight (8) hours on any seventh (7th) day of a workweek is required
to be compensated at the rate of no less than twice the regular rate of pay of an employee.

      65.    During all relevant periods, Defendants had a uniform policy of requiring Plaintiff
and the Class members to work in excess of eight (8) hours in a workday and/or in excess of forty
(40) hours in a workweek without compensating them at a rate of one and one-half (1.5) times their
regular rate of pay.  Upon information and belief, Defendants also failed to properly compensate
Plaintiff and the Class Members for hours worked in excess of twelve (12) hours in one (1) day, or
eight (8) hours on the seventh (7th) day of a workweek.

66. The IWC Wage Orders define "hours worked" as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

67. At all times relevant, Plaintiff and Class Members consistently worked hours for which they were not paid because Plaintiff and the Class Members were required to work off the clock—some of these hours were over eight (8) hours in one (1) workday or in excess of forty (40) hours in a workweek and should have been paid at the overtime rate.

68. Plaintiff is informed and believes that Defendants were aware that Plaintiff and the Class Members were working off the clock and that they should have been paid for this time.

69. In addition, upon information and belief, Defendants failed to incorporate all forms of compensation, including without limitation bonuses, differentials, and incentives, into the regular rate for overtime purposes.

70. As a result, Defendants failed to pay Plaintiff and the Class members earned overtime wages and such employees suffered damages as a result.

71. Defendants knew or should have known Plaintiffs and the Class Members were undercompensated as a result of these practices.

72. Due to Defendant's violations of the California Labor Code, Plaintiff and the Class members are entitled to recover from Defendants their unpaid overtime wages, reasonable attorneys' fees and costs in this action, and pre-judgment and post-judgment interest, statutory penalties, and liquidated damages.

**THIRD CAUSE OF ACTION**

**FAILURE TO PROVIDE LAWFUL MEAL PERIODS**

**(By Plaintiff and the Meal Period Subclasses Against All Defendants)**

73. Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

74. Pursuant to Labor Code § 512, no employer shall employ an employee for a work period of more than five (5) hours without providing a meal break of not less than thirty (30)

1   minutes in which the employee is relieved of all of his or her duties, except that when a work period

2   of not more than six (6) hours will complete the day's work the meal period may be waived by

3   mutual consent of the employer and employee.

4       75.     For the four (4) years preceding the filing of this lawsuit, Defendants failed to

5   provide Plaintiff and Class Members timely and uninterrupted first meal periods of not less than

6   thirty (30) minutes within the first five hours of a shift.

7       76.     As a consequence of Defendants' policies and practices, requirements, demands,

8   coverage and staffing, Plaintiff and the Class Members were often required to forego such meal

9   periods, take shortened meal periods, and/or commence their meal periods into and beyond the

10  sixth hour of their shifts.

11      77.     Meal periods when provided were also frequently interrupted.

12      78.     Defendants also failed to provide meal periods on shifts between 5 and 6 hours

13  without valid waiver.

14      79.     Upon information and belief, Plaintiff and the Class Members were not paid one

15  hour of pay at their regular rate for each day that a meal period was not lawfully provided.

16      80.     Moreover, as a matter of policy and practice, upon information and belief, the Class

17  members were also not provided second meal periods on days when shifts exceeded ten hours (and

18  twelve hours), nor were they provided premium wages in lieu of a second meal period.   On

19  information and belief, Plaintiff and the Class Members did not waive their rights to a second meal

20  period on shifts in excess of ten hours.

21      81.     As a proximate result of the aforementioned violations, Plaintiff and the Class

22  Members have been damaged in an amount according to proof at time of trial.

23      82.     Pursuant to Labor Code § 226.7, Plaintiff and Class Members are entitled to recover

24  one (1) hour of premium pay for each day in which a meal period violation occurred.   They are also

25  entitled to recover reasonable attorneys' fees, cost, interest, and penalties as applicable.

26      83.     As a result of the unlawful acts of Defendants, Plaintiffs and the Class they seek to

27  represent have been deprived of premium wages in amounts to be determined at trial, and are

28  entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs,

1  under Labor Code sections 218.6, 226.7, 512 and the applicable IWC Wage Orders, and Civil Code

2  section 3287.

3                          **FOURTH CAUSE OF ACTION**

4              **FAILURE TO AUTHORIZE AND PERMIT LAWFUL REST PERIODS**

5                **(By Plaintiff and the Rest Period Subclasses Against All Defendants)**

6        84.     Plaintiff incorporates by reference and realleges each and every allegation contained

7  above, as though fully set forth herein.

8        85.     Pursuant to the IWC wage orders applicable to Plaintiff's and Class Members'

9  employment by Defendants, "Every employer shall authorize and permit all employees to take rest

10  periods, which insofar as practicable shall be in the middle of each work period.... [The] authorized

11  rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net

12  rest time per four (4) hours worked or major fraction thereof.... Authorized rest period time shall

13  be counted as hours worked, for which there shall be no deduction from wages."

14       86.     Labor Code §226.7(a) prohibits an employer from requiring any employee to work

15  during any rest period mandated by an applicable order of the IWC.

16       87.     Defendants were required to authorize and permit employees such as Plaintiff and

17  Class Members to take rest periods during shifts in excess of 3.5 hours, based upon the total hours

18  worked at a rate of ten (10) minutes net rest per four (4) hours worked, or major fraction thereof,

19  with no deduction from wages.

20       88.     Despite said requirements of the IWC wage orders applicable to Plaintiff's and Class

21  Member's employment with Defendants, Defendants failed and refused to authorize and permit

22  Plaintiff and Class Members to take lawful, net ten (10) minute rest periods for every four (4) hours

23  worked, or major fraction thereof.  Such rest breaks, when provided, were frequently untimely or

24  less than net ten minutes because of the work requirements imposed by Defendants, and frequent

25  calls during rest periods.

26       89.     In addition, as detailed above, Plaintiff and the Class Members were required to

27  carry work-related cellular phones or other communications devices during meal and rest periods,

28

1 and were required to remain available.  Meal and rest periods were frequently interrupted as a
2 consequence.

3     90.      Defendants did not pay Plaintiff one additional hour of pay at his regular rate of pay
4 for each day that a rest period violation occurred.  On information and belief, the other members of
5 the Class endured similar violations as a result of Defendants' rest period policies and practices and
6 Defendant did not pay said Class Members premium pay as required by law.

7     91.      By their failure to authorize and permit Plaintiff and the Class Members to take a
8 lawful, net ten (10) minute rest period free from work duties every four (4) hours or major fraction
9 thereof worked, including failure to provide two (2) total rest periods on six to ten hour shifts and
10 three (3) total ten (10) minute rest periods on days on which Plaintiff and the other Class Members
11 work(ed) work a third rest period for shifts in excess of ten (10) hours, and by their failure to provide
12 compensation for such unprovided rest periods as alleged herein, Defendants willfully violated the
13 provisions of Labor Code sections 226.7 and the applicable IWC Wage Order(s).

14     92.      As a result of the unlawful acts of Defendants, Plaintiffs and the Class they seek to
15 represent have been deprived of premium wages in amounts to be determined at trial, and are
16 entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs,
17 under Labor Code sections 218.6, 226.7, the applicable IWC Wage Orders, and Civil Code 3287.

18

19 **FIFTH CAUSE OF ACTION**

20 **FAILURE TO TIMELY PAY WAGES DUE AND PAYABLE DURING**

21 **EMPLOYMENT**

22 **(By Plaintiff and the Class Against All Defendants)**

23     93.      Plaintiff incorporates by reference and realleges each and every allegation contained
24 above, as though fully set forth herein.

25     94.      Labor Code section 204 requires that all wages are due and payable twice in each
26 calendar month.

27

28

95.    The wages required by Labor Code §§ 226.7, 510, 1194 and other sections became due and payable to each employee in each month that he or she was not provided with a meal period or rest period or paid minimum wage, straight or overtime wages to which he or she was entitled.

96.    Defendants violated Labor Code § 204 by systematically refusing to pay wages due under the Labor Code.

97.    Labor Code section 210 (a) provides that "In addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections 201.3, 204, 204b, 204.1, 204.2, 204.11, 205, 205.5, and 1197.5, shall be subject to a penalty as follow:

(1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee.

(2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld.

103.    As a result of the unlawful acts of Defendants, Plaintiff and the Class he seeks to represent have been deprived of wages in amounts to be determined at trial, and are entitled to recovery of such amounts, penalties, plus interest thereon, attorneys fees, and costs, pursuant to Labor Code § 210, 218.5, 218.6, 510, 1194.

## SIXTH CAUSE OF ACTION

### FAILURE TO TIMELY PAY WAGES OWED AT SEPARATION

**(By Plaintiff and the Waiting Time Subclass Against All Defendants)**

98.    Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

99.    Labor Code §§ 201 and 202 require Defendants to pay their employees all wages due within seventy-two (72) hours of separation of employment.

100.    Section 203 of the Labor Code provides that if an employer willfully fails to timely pay such wages the employer must, as a penalty, continue to pay the subject employee's wages until the back wages are paid in full or an action is commenced.  The penalty cannot exceed 30

1  days of wages.

2       101.   Plaintiff and Class Members are entitled to compensation for all forms of wages

3  earned, including but not limited to minimum wages, overtime, and premium meal and rest period

4  compensation, but to date have not received such compensation, therefore entitling them to <u>Labor</u>

5  <u>Code</u> § 203 penalties.

6       102.   More than thirty (30) days have passed since affected Waiting Time Subclass

7  Members have left Defendants' employ, and on information and belief, they have not received

8  payment pursuant to <u>Labor Code</u> § 203.

9       103.   Plaintiff and Waiting Time Subclass Members are thus entitled to 30 days' wages

10  as a penalty under <u>Labor Code</u> § 203, together with interest thereon and attorneys' fees and costs.

11  **SEVENTH CAUSE OF ACTION**

12  **<u>FAILURE TO REIMBURSE NECESSARY EXPENSES</u>**

13  **(By Plaintiff and the Indemnification Subclass Against All Defendants)**

14       104.   Plaintiff incorporates by reference and realleges each and every allegation contained

15  above, as though fully set forth herein.

16       105.   Plaintiff repeats and incorporates herein by reference each and every allegation set

17  forth above, as though fully set forth herein.

18       106.   Labor Code § 2802 requires Defendants to indemnify Plaintiff and Class Members

19  for necessary expenditures incurred in direct consequence of the discharge of his or her duties.

20       107.   Plaintiff and the members of the Indemnification Class were required to incur

21  expenses in the performance of their assigned job duties, including related to cellular phone

22  usage.

23       108.   Plaintiff and, upon information and belief, the Class Members were required to use

24  their cellular phones to clock in and out during certain periods of time and to communicate

25  regarding work related matters.

26       109.   Upon information and belief, the Defendants did not reimburse Plaintiff or the

27  Plaintiff's subclass for such expenses.

28       110.   As a result of the unlawful acts of Defendants, Plaintiffs and the Plaintiffs'

1    Subclass Members have been deprived of un-reimbursed sums in amounts to be determined at

2    trial, and are entitled to the recovery of such amounts, plus interest and penalties thereon,

3    attorneys' fees, and costs, pursuant to Labor Code §2802.

### EIGHTH CAUSE OF ACTION

### KNOWING AND INTENTIONAL FAILURE TO COMPLY WITH ITEMIZED EMPLOYEE WAGE STATEMENT PROVISIONS

**By Plaintiff and Wage Statement Subclass Against Defendants**

8    111.    Plaintiff repeats and incorporates herein by reference each and every allegation set

9    forth above, as though fully set forth herein.

10    112.    Labor Code section 226(a) reads in pertinent part: "Every employer shall,

11    semimonthly or at the time of each payment of wages, furnish each of his or her employees, either

12    as a detachable part of the check, draft, or voucher paying the employee's wages, or separately

13    when wages are paid by personal check or cash, an accurate itemized statement in writing

14    showing (1) gross wages earned, (2) total hours worked by the employee… (4) all deductions…

15    (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the

16    name of the employee and only the last four digits of his or her social security number or an

17    employee identification number other than a social security number, (8) the name and address of

18    the legal entity that is the employer, and (9) all applicable hourly rates in effect during each the

19    pay period and the corresponding number of hours worked at each hourly rate by the

20    employee….".

21    113.    Further, the IWC Wage Orders require in pertinent part: Every employer shall

22    keep accurate information with respect to each employee including the following: (3) Time

23    records showing when the employee begins and ends each work period. Meal periods, split shift

24    intervals, and total daily hours worked shall also be recorded…(5) Total hours worked in the

25    payroll period and applicable rates of pay…."

26    114.    Labor Code section 1174 of the California also requires Defendants to maintain

27    and preserve, in a centralized location, among other items, records showing the names and

28    addresses of all employees employed and payroll records showing the hours worked daily by, and

the wages paid to, its employees.  On information and belief and based thereon, Defendants have knowingly and intentionally failed to comply with Labor Code section 1174, including by implementing the policies and procedures and committing the violations alleged in the preceding causes of action and herein.  Defendants' failure to comply with Labor Code section 1174 is unlawful pursuant to Labor Code section 1175.

115.     Defendants have failed to record many of the items delineated in applicable Industrial Wage Orders and Labor Code section 226, and required under Labor Code section 1174, including by virtue of the fact that each wage statement which failed to accurately compensate Plaintiff and Class Members for all hours worked and for missed and non-provided meal and rest periods, or which failed to include compensation for all minimum wages earned or overtime hours worked, was an inaccurate wage statement.  In addition, the wage statements omitted total hours worked and failed to set forth the hours worked at each hourly wage rate.

116.     On information and belief, Defendants failed to implement and preserve a lawful record-keeping method to record all non-provided meal and rest periods owed to employees or all hours worked, as required for Non-Exempt Employees under California Labor Code section 226 and applicable California Wage Orders.  In order to determine if they had been paid the correct amount and rate for all hours worked, Plaintiff and Class Members have been, would have been, and are compelled to try to discover the required information missing from their wage statements and to perform complex calculations in light of the inaccuracies and incompleteness of the wage statements Defendants provided to them.

117.     As a pattern and practice, in violation of Labor Code section 226(a) and the IWC Wage Orders, Defendants did not and still do not furnish each of the members of the Wage Statement Class with an accurate itemized statement in writing accurately reflecting all of the required information.  Here, Plaintiff asserts the Defendant omitted required information, failed to accurately include all applicable hourly rates on the wage statements and the corresponding number of hours worked at such rates or hours paid at such rates.  In addition, Defendants have failed to provide accurate itemized wage statements as a consequence of the above-specified violations for failure to accurately pay all wages owed, accurately record all hours worked, and

1 │ failure to pay meal and rest period premiums as required by law.

2 │ 118.    Moreover, upon information and belief, as a pattern and practice, in violation of

3 │ Labor Code section 226(a) and the IWC Wage Orders, Defendants did not and do not maintain

4 │ accurate records pertaining to the total hours worked for Defendants by the members of the Wage

5 │ Statement Class, including but not limited to, beginning and ending of each work period, meal

6 │ period and split shift interval, the total daily hours worked, and the total hours worked per pay

7 │ period and applicable rates of pay.

8 │ 119.    Plaintiffs and the members of the Wage Statement Class have suffered injury as a

9 │ result of Defendants' failure to maintain accurate records for the members of the Wage Statement

10 │ Class in that the members of the Wage Statement Class were not timely provided written accurate

11 │ itemized statements showing all requisite information, such that the members of the Wage

12 │ Statement Class were misled by Defendants as to the correct information regarding various items,

13 │ including but not limited to total hours worked by the employee, net wages earned and all

14 │ applicable hourly rates in effect during the pay period and the corresponding number of hours

15 │ worked at each hourly rate.

16 │ 120.    Pursuant to Labor Code section 226, and in light of Defendants' violations

17 │ addressed above, Plaintiff and the Wage Statement Class Members are each entitled to recover up

18 │ to a maximum of $4,000.00, along with an award of costs and reasonable attorneys' fees.

19 │ **NINTH CAUSE OF ACTION**

20 │ **VIOLATION OF THE UNFAIR COMPETITION LAW**

21 │ **By Plaintiff and Class Against All Defendants**

22 │ 121.    Plaintiff incorporates by reference and realleges each and every allegation contained

23 │ above, as though fully set forth herein.

24 │ 122.    Defendants' conduct, as alleged in this complaint, has been, and continues to be,

25 │ unfair, unlawful, and harmful to Plaintiff and Class Members, Defendants' competitors, and the

26 │ general public.  Plaintiff also seeks to enforce important rights affecting the public interest within

27 │ the meaning of the California Code of Civil Procedure § 1021.5.

28 │ 123.    Defendants' policies, activities, and actions as alleged herein are violations of

California law and constitute unlawful business acts and practices in violation of California Business and Professions Code §§ 17200, *et seq.*

124.    A violation of California Business and Professions Code §§ 17200, *et seq.*, may be predicated on the violation of any state or federal law.

125.    The state law violations, including violations of the relevant IWC Wage Order, detailed herein above are the predicate violations for this cause of action.  By way of example only, in the instant case Defendants' policy of failing to lawfully provide Plaintiff and the Class with timely meal and rest periods or pay one (1) hour of premium pay when a meal or rest period was not lawfully provided violates Labor Code § 512, and § 226.7, and the IWC Wage Orders. Defendants further violated the law through their policies of failing to fully and accurately compensate Plaintiff and the Class Members for all hours worked, including minimum wages and overtime, and failing to reimburse for necessary expenses, as well as failing to provide accurate itemized wage statement as specified above.

126.    Plaintiff and the Class Members have been personally aggrieved by Defendants' unlawful and unfair business acts and practices alleged herein by the loss of money and/or property.

127.    Pursuant to California Business and Professions Code §§ 17200, *et seq.*, Plaintiff and the Class Members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four (4) years prior to the filing of this complaint; an award of attorneys' fees pursuant to California Code of Civil Procedure §1021.5; interest; and an award of costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff pray judgment against Defendants, jointly and severally, as follows:

### Class Certification

1.    That this action be certified as a class action;

2.    That Plaintiff be appointed as the representative of the Class;

3.    That Plaintiff be appointed as the representatives of the Subclasses; and

4.    That counsel for Plaintiff be appointed as counsel for the Class and Subclasses.

**On the First Cause of Action**

(Failure to pay minimum wages)

1.     For the unpaid balance of the full amount of any minimum wages, and regular wages owed, as well as interest thereon,

2.     Penalties according to statute,

3.     Liquidated damages,

4.     Reasonable attorneys' fees, and costs of suit;

5.     For interest and

6.     For such other and further relief as the Court deems proper.

**On the Second Cause of Action**

(Failure to pay overtime)

1.     For the unpaid balance of the full amount of any overtime wages owed, as well as interest thereon,

2.     Penalties according to statute,

3.     Liquidated damages,

4.     Reasonable attorneys' fees, and costs of suit;

5.     For interest and

6.     For such other and further relief as the Court deems proper.

**On the Third Cause of Action**

(Failure to Provide Lawful Meal Periods)

1.     For one (1) hour of premium pay for each day in which a required meal period was not lawfully provided;

2.     For reasonable attorneys' fees and costs pursuant to statute; and

3.     For such other and further relief as the Court deems proper.

1                      **On the Fourth Cause of Action**

2               (Failure to Authorize and Permit Lawful Rest Periods)

3      1.    For one (1) hour of premium pay for each day in which a required rest period was

4  not lawfully authorized and permitted; and

5      2.    For reasonable attorneys' fees and costs pursuant to statute; and

6      3.    For such other and further relief as the Court deems proper.

7                      **On the Fifth Cause of Action**

8        (Failure to Timely Pay Wages Due and Payable During Employment)

9      1.    For unpaid wages;

10     2.    For penalties pursuant to Labor Code § 210 and 25% of the amount of wages

11  unlawfully withheld;

12     3.    For interest;

13     4.    For reasonable attorneys' fees and costs pursuant to statute; and

14     5.    For such other and further relief as the Court deems proper.

15                   **On the Sixth Cause of Action**

16          (Failure to Timely Pay Wages At Separation)

17     6.    For unpaid wages;

18     7.    For penalties pursuant to Labor Code § 203;

19     8.    For interest;

20     9.    For reasonable attorneys' fees and costs pursuant to statute; and

21     10.   For such other and further relief as the Court deems proper.

22                  **On the Seventh Cause of Action**

23            (Failure to Reimburse Necessary Expenses)

24     1.    For unreimbursed sums;

25     2.    For reasonable attorneys' fees and costs pursuant to statute;

26     3.    For interest; and

27     4.    For such other and further relief as the Court deems proper.

28

1                 **On the Eighth Cause of Action**

2           (Failure to Provide Accurate Itemized Wage Statements)

3     1.     For statutory penalties, including penalties pursuant to Labor Code section 226;

4     2.     For reasonable attorneys' fees and costs; and

5     3.     For such other and further relief as the Court deems proper;

6                 **On the Ninth Cause of Action**

7            (Violation of the Unfair Competition Law)

8     1.     That Defendants, jointly and/or severally, pay restitution and/or disgorgement of

9 sums to Plaintiff and Class Members for the Defendants' past failure to pay minimum, overtime

10 and regular wages, for Defendants' past failure to reimburse necessary expenses, and for premium

11 wages for meal and rest periods that were not provided to Plaintiff and Class Members over the last

12 four (4) years in an amount according to proof;

13     2.     For reasonable attorneys' fees that Plaintiff and Class Members are entitled to

14 recover under California Code of Civil Procedure § 1021.5 and Labor Code section 1194, 1197,

15 1198 ;

16     3.     For pre-judgment interest on any unpaid minimum, regular and overtime wages due

17 from the day that such amounts were due;

18     4.     For costs of suit incurred herein that Plaintiff and Class Members are entitled to

19 recover under the Labor Code; and

20     5.     For such other and further relief as the Court deems proper.

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

1

## DEMAND FOR JURY TRIAL

2       Plaintiff, on behalf of the Class and Subclasses, respectfully demand a jury trial in this

3   matter to the fullest extent available under the law.

4
                                            Respectfully submitted,
5

6

7   Dated:  May 13, 2022

8                                           JAMES HAWKINS, APLC
                                            James R. Hawkins, Esq.
9                                           Christina M. Lucio, Esq.

10                                          Attorneys for CHARLES HENDRIX, on behalf of himself
                                            and all others similarly situated
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 28 -
COMPLAINT

# EXHIBIT B

LAFAYETTE & KUMAGAI LLP
GARY T. LAFAYETTE (SBN 88666)
 Email: glafayette@lkclaw.com
JOHN T. MADDEN (SBN 260213)
 Email: jmadden@lkclaw.com
INGRID M. AHUJA (SBN 274223)
 Email: iahuja@lkclaw.com
SAISRUTHI PASPULATI (SBN 319879)
 Email: spaspulati@lkclaw.com
1300 Clay Street, Suite 810
Oakland, California  94612
Telephone:     (415) 357-4600
Facsimile:     (415) 357-4605

Attorneys for Wayfair
WAYFAIR LLC

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF RIVERSIDE**

| | |
|---|---|
| CHARLES HENDRIX, individually and on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>WAYFAIR LLC, a Delaware Limited Liability Company; and DOES 1-50, inclusive,<br><br>        Defendants. | Case No. CVRI2201919<br><br>**ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES**<br><br>Complaint Filed:     May 13, 2022 |

ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES
(Case No. CVRI2201919)

Defendant WAYFAIR LLC ("Wayfair") and answers the Complaint ("Complaint") filed by Plaintiff CHARLES HENDRIX ("Plaintiff") as follows:

Pursuant to California Code of Civil Procedure § 431.30(d), Wayfair generally denies each and every, all and singular, of the allegations in the Complaint, and generally denies Plaintiff and/or the purported class has been injured in any of the sums mentioned in said Complaint, or any sum at all, as the result of any action, omission to act or delay in acting of Wayfair.  Wayfair further denies, generally and specifically, that Plaintiff has suffered any loss of wages, overtime, penalties, compensation, benefits or restitution, or any other legal or equitable relief within the jurisdiction of this Court.

## AFFIRMATIVE DEFENSES

In answer to the Complaint, and as separate and additional affirmative defenses, Wayfair asserts as follows:

### FIRST AFFIRMATIVE DEFENSE

1.     As a first and separate affirmative defense, Wayfair asserts that the Complaint, and each and every cause of action Plaintiff purports to allege, fails to state facts sufficient to constitute a cause of action against Wayfair upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

2.     As a second, separate and further affirmative defense, Wayfair asserts that the Complaint, and each and every cause of action Plaintiff purports to allege, is barred in whole or in part by the applicable statutes of limitations, including but not limited to Code of Civil Procedure sections 312, 337, 338, 339, 340 and 343, Business and Professions Code section 17208, and Labor Code sections 201, 202, 203, 226, 226.7, 512, 1174, 2802 and 2699.

### THIRD AFFIRMATIVE DEFENSE

3.     As a third, separate and further affirmative defense, Wayfair asserts that the Complaint, and each and every cause of action Plaintiff purports to allege, is barred in whole or in part to the extent Plaintiff failed to exhaust his administrative remedies under California Labor Code sections 98 through 98.2 and 2699.3 prior to commencing this lawsuit, and thus this Court lacks subject matter jurisdiction.

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
TEL (415) 357-4600
FAX (415) 357-4605

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
TEL (415) 357-4600
FAX (415) 357-4605

**FOURTH AFFIRMATIVE DEFENSE**

4.      As a fourth, separate and further affirmative defense, Wayfair asserts that Plaintiff is barred in whole or in part from recovering any damages, or any recovery to Plaintiff must be reduced, by virtue of Plaintiff's failure to exercise reasonable diligence to mitigate his alleged damages.

**FIFTH AFFIRMATIVE DEFENSE**

5.      As a fifth, separate and further affirmative defense, Wayfair asserts that the Complaint, and each and every cause of action Plaintiff purports to allege, is barred in whole or in part because of the doctrines of collateral estoppel or res judicata.

**SIXTH AFFIRMATIVE DEFENSE**

6.      As a sixth, separate and further affirmative defense, Wayfair asserts that the Complaint, and each and every cause of action Plaintiff purports to allege, is barred in whole or in part because Plaintiff is estopped by his own conduct to claim any right to damages or any relief against Wayfair.

**SEVENTH AFFIRMATIVE DEFENSE**

7.      As a seventh, separate and further affirmative defense, Wayfair asserts that the Complaint, and each and every cause of action Plaintiff purports to allege, is barred in whole or in part by the doctrine of laches.

**EIGHTH AFFIRMATIVE DEFENSE**

8.      As an eighth, separate and further affirmative defense, Wayfair asserts that the Complaint, and each and every cause of action Plaintiff purports to allege, is barred in whole or in part by the doctrine of consent, including to the extent such claims are barred or limited by the terms of any applicable collective bargaining agreement.

**NINTH AFFIRMATIVE DEFENSE**

9.      As a ninth, separate and further affirmative defense, Wayfair asserts that the Complaint, and each and every cause of action Plaintiff purports to allege, is barred in whole or in part by the doctrines of estoppel and waiver.

/ / /

ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES
(Case No. CVRI2201919)                                                                    2

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
TEL (415) 357-4600
FAX (415) 357-4605

**TENTH AFFIRMATIVE DEFENSE**

10.    As a tenth, separate and further affirmative defense, Wayfair asserts that the Complaint, and each and every cause of action Plaintiff purports to allege, is barred in whole or in part by the doctrine of unclean hands.

**ELEVENTH AFFIRMATIVE DEFENSE**

11.    As an eleventh, separate and further affirmative defense, Wayfair asserts that Plaintiff is not entitled to any penalty award, including but not limited to, under sections 203 and 2699 of the Labor Code, since, at all times relevant and material herein, Wayfair acted in good faith and did not willfully, knowingly or intentionally fail to comply with the Labor Code but rather acted in good faith and had reasonable grounds for believing it did not violate the Labor Code.

**TWELFTH AFFIRMATIVE DEFENSE**

12.    As a twelfth, separate and further affirmative defense, Wayfair asserts that the Complaint, and each and every cause of action Plaintiff purports to allege, is barred in whole or in part to the extent there was a good faith dispute over the payment of wages to Plaintiff, and therefore did not violate the California Labor Code or the applicable wage order..

**THIRTEENTH AFFIRMATIVE DEFENSE**

13.    As a thirteenth, separate and further affirmative defense, Wayfair asserts that the Complaint, and each and every cause of action Plaintiff purports to allege, sets forth mere labels and conclusions that only recite the elements of causes of action. The Complaint's failure to describe each purported cause of action with sufficient particularity leaves Wayfair and the Court unable to ascertain the causes of action at issue.

**FOURTEENTH AFFIRMATIVE DEFENSE**

14.    As a fourteenth, separate and further affirmative defense, Wayfair asserts that Plaintiff has suffered no injury as a result of any alleged violation of the California Labor Code and therefore is barred from recovering penalties.

**FIFTEENTH AFFIRMATIVE DEFENSE**

15.    As a fifteenth, separate and further affirmative defense, Wayfair asserts that Plaintiff's claim for injunctive relief, on behalf of himself and/or the putative class, is barred

because Plaintiff and/or the putative class lack standing and/or have an adequate and complete remedy at law, and/or Plaintiff cannot make the requisite showing, on behalf of himself or the putative class, to obtain injunctive relief in a labor dispute.

SIXTEENTH AFFIRMATIVE DEFENSE

16.     As a sixteenth, separate and further affirmative defense, Wayfair asserts that it is entitled to offset for any monies received by Plaintiff from any source in compensation for his alleged economic damages and non-economic damages under the common law doctrine of offset and under the doctrine prohibiting double recovery set forth under *Witt v. Jackson*, 57 Cal.2d 57 (1961), and its progeny.

SEVENTEENTH AFFIRMATIVE DEFENSE

17.     As a seventeenth, separate and further affirmative defense, Wayfair asserts that the Complaint, and each purported cause of action alleged therein, fails to state a cause of action or causes of action for attorneys' fees against Wayfair on any basis.

EIGHTEENTH AFFIRMATIVE DEFENSE

18.     As an eighteenth, separate and further affirmative defense, Wayfair asserts that Plaintiff is not entitled to an award of prejudgment interest if he, or the putative class, prevail on any or all of the claims.

NINETEENTH AFFIRMATIVE DEFENSE

19.     As a nineteenth, separate and further affirmative defense, Wayfair asserts that Plaintiff, or the putative class, are not entitled to any equitable or injunctive relief as prayed for in the Complaint, because they have suffered no irreparable injury based on any alleged conduct of Wayfair, and they has an adequate remedy at law for any such conduct.

TWENTIETH AFFIRMATIVE DEFENSE

20.     As a twentieth, separate and further affirmative defense, Wayfair asserts that the Complaint, and each and every cause of action Plaintiff purports to allege, is barred in whole or in part because of the doctrine of release.

///

///

LAFAYETTE & KUMAGAI LLP<br/>ATTORNEYS AT LAW<br/>1300 CLAY STREET, SUITE 810<br/>OAKLAND, CALIFORNIA 94612<br/>TEL (415) 357-4600<br/>FAX (415) 357-4605

ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES
(Case No. CVRI2201919)                                                          4

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
TEL (415) 357-4600
FAX (415) 357-4605

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

21.    As a twenty-first, separate and further affirmative defense, Wayfair asserts that Plaintiff and the purported class are not entitled to recover any civil penalties because, under the circumstances of this case, any such recovery would be unjust, arbitrary, and oppressive, or confiscatory.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

22.    As a twenty-second, separate and further affirmative defense, Wayfair asserts that it took prompt and appropriate corrective action in response to Plaintiff's complaints or stated concerns regarding the workplace, if in fact Plaintiff made any such complaints, thereby satisfying all legal duties and obligations Wayfair had to Plaintiff, if any at all.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

23.    As a twenty-third, separate and further affirmative defense, Wayfair asserts that Plaintiff's Complaint, including the allegations on behalf of others set forth therein, is barred because the use of a representative action, based upon the facts and circumstances of this case, would constitute a denial of Wayfair's rights to due process under the United States and California Constitutions.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

24.    As a twenty-fourth, separate and further affirmative defense, Wayfair asserts that although it denies that it has committed or has responsibility for any act that could support the recovery of civil penalties in this lawsuit, if and to the extent any such act or responsibility is found, recovery of civil penalties against Wayfair is unconstitutional under numerous provisions of the United States Constitution and the California Constitution, including the excessive fines clause of the Eighth Amendment, the due process clauses of the Fifth Amendment and Section 1 of the Fourteenth Amendment, the self-incrimination clause of the Fifth Amendment, and other provisions of the United States Constitution, and the excessive fines clause of Section 17 of Article I, the due process clause of Section 7 of Article I, the self-incrimination clause of Section 15 of Article I, and other provisions of the California Constitution.

/ / /

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

25.     As a twenty-fifth, separate and further affirmative defense, Wayfair asserts that an award of penalties against Wayfair would be an unconstitutional denial of Wayfair's rights to equal protection under both the United States and California Constitutions.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

26.     As a twenty-sixth, separate and further affirmative defense, Wayfair asserts that Plaintiff's Complaint and each claim therein, or some of them, may not be litigated in court because some or all of Plaintiff's claims and those of some or all of the individuals he seeks to represent are subject to mandatory, final, and binding arbitration.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

27.     As a twenty-seventh, separate and further affirmative defense, Wayfair asserts that Plaintiff's claims are barred to the extent that Wayfair did not have actual or constructive knowledge about any of the alleged violations set forth in the Complaint. Wayfair did not have actual or constructive knowledge about any purported overtime or off-the-clock work allegedly performed by Plaintiff or any putative class members. Wayfair did not have actual or constructive knowledge about any alleged failure to pay minimum, overtime, double time, premium, and/or other wages to Plaintiff or any putative class members. Wayfair did not have actual or constructive knowledge about any alleged inaccuracies regarding wage statements or payroll records of Plaintiff or any putative class members. Wayfair did not have actual or constructive knowledge that Plaintiff or any putative class members were not provided meal periods or not authorized and permitted rest periods. Plaintiff, therefore, did not provide Wayfair with an opportunity to correct any alleged violations and provide the appropriate remedy, if any, to Plaintiff prior to the time he filed this lawsuit.

**TWENTY-EIGHT AFFIRMATIVE DEFENSE**

28.     As a twenty-eight, separate and further affirmative defense, Wayfair asserts that it is informed and believes, and based upon such information and belief avers, that some or all of the purported causes of action in the Complaint are barred in whole or in part because Wayfair's acts and omissions were justified and/or privileged.

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
TEL (415) 357-4600
FAX (415) 357-4605

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
TEL (415) 357-4600
FAX (415) 357-4605

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

29.     As a twenty-ninth, separate and further affirmative defense, Wayfair asserts that Plaintiff and putative class members are not entitled to recover the amount of damages as alleged in the Complaint, or any damages, due to their failure to maintain or submit records that show their alleged damages or restitution so that the amount may be reasonably calculated.

**THIRTIETH AFFIRMATIVE DEFENSE**

30.     As a thirtieth, separate and further affirmative defense, Wayfair asserts that if the injuries and/or alleged damages in the Complaint occurred at all (which Wayfair denies), such injuries and/or alleged damages were proximately caused by and/or contributed to by Plaintiff and/or the putative class's own acts, omissions, and/or failures to act. Any recovery from Wayfair should be reduced in proportion to the percentage of Plaintiff's and/or the putative class members' negligence, or in proportion to their fault.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

31.     As a thirty-first, separate and further affirmative defense, Wayfair asserts that the Complaint, and each purported cause of action alleged therein, fails to the extent that Plaintiff cannot show a specific or reliable measure of alleged damages owed to Plaintiff and/or the members of the purported class.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

32.     As a thirty-second, separate and further affirmative defense, Wayfair asserts that any bonuses paid to Plaintiff and putative class members were exempt from the regular rate of pay.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

33.     As a thirty-third, separate and further affirmative defense, Wayfair asserts that Plaintiff's Complaint and each claim therein, is barred by the avoidable consequences doctrine.

**THIRTY-FOUR AFFIRMATIVE DEFENSE**

34.     As a thirty-four, separate and further affirmative defense, Wayfair asserts that Plaintiff's Complaint and each claim therein, is barred to the extent that Plaintiff and the purported class members did not exercise the level of care and diligence required when performing their

duties or in complying with Wayfair's policies and procedures, pursuant to California Labor Code sections 2850 and 2854.

### THIRTY-FIVE AFFIRMATIVE DEFENSE

35.     As a thirty-five, separate and further affirmative defense, Wayfair asserts that Plaintiff's Complaint and each claim therein, is barred to the extent that Plaintiff and/or putative class members failed to substantially comply with all of the directions of Wayfair concerning the service on which they were engaged, and their obedience to the directions of Wayfair were not impossible or unlawful and would not impose new and unrealistic burdens on them, pursuant to California Labor Code § 2856.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

36.     As a thirty-sixth, separate and further affirmative defense, Wayfair asserts that Plaintiff's Complaint and each claim therein, is barred to the extent that Plaintiff and the purported class members failed to perform services in conformity to the usage of the place of performance directed by Wayfair. Plaintiff and the purported class members, therefore, are barred from seeking relief pursuant to California Labor Code § 2857.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

37.     As a thirty-seventh, separate and further affirmative defense, Wayfair asserts that Plaintiff's Complaint and each claim therein, is barred to the extent that Plaintiff and/or putative class members failed to exercise a reasonable degree of skill in performing their job duties, pursuant to California Labor Code § 2858.

### THIRTY-EIGHT AFFIRMATIVE DEFENSE

38.     As a thirty-eight, separate and further affirmative defense, Wayfair asserts that Plaintiff's Complaint and each claim therein, is barred to the extent that Plaintiff and/or putative class members did not use such skill as they possess, so far as the same was and is required, for the service specified for Wayfair, as provided under California Labor Code § 2859.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

39.     As a thirty-ninth, separate and further affirmative defense, Wayfair asserts that Plaintiff's Complaint and each claim therein, is barred to the extent that Plaintiff and/or putative

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
TEL (415) 357-4600
FAX (415) 357-4605

class members willfully breached their duties as employees, habitually neglected their duties, and/or failed to perform their duties, pursuant to California Labor Code § 2924.

### FORTIETH AFFIRMATIVE DEFENSE

40.     As a fortieth, separate and further affirmative defense, Wayfair asserts that Plaintiff's Complaint and each claim therein, is barred to the extent that Plaintiff and/or putative class members had any business to transact on their own account, similar to that entrusted to them by Wayfair, but failed to always give preference to the business of Wayfair, as provided under California Labor Code § 2863.

### FORTY-FIRST AFFIRMATIVE DEFENSE

41.     As a forty-first, separate and further affirmative defense, Wayfair asserts that Plaintiff's Complaint and each claim therein, is barred to the extent that Plaintiff and putative class members have failed to show that Wayfair willfully, knowingly, or intentionally did not pay all accrued wages or premium wages within the time required following any discharge or voluntary resignation of employment by Plaintiff or putative class members.

### FORTY-SECOND AFFIRMATIVE DEFENSE

42.     As a forty-second, separate and further affirmative defense, Wayfair asserts that purported class members lack standing to assert this claim to the extent that they continue to be employed, and therefore, have not suffered an injury in fact.

### FORTY-THIRD AFFIRMATIVE DEFENSE

43.     As a forty-third, separate and further affirmative defense, Wayfair asserts that Plaintiff's claims fail to the extent that, even if Plaintiff was not paid for all work performed, such work is not compensable because an employer is not required to pay for purported off-the-clock work that is "so minute or irregular that it is unreasonable to expect the time to be recorded." *Troester v. Starbucks Corp.*, 2018 WL 3582702, at *1, 9 (Cal. 2018) (holding that an employer that requires its employees "to work minutes off the clock on a regular basis or as a regular feature of the job" may not invoke the de minimis doctrine, but leaving open the possibility that an employer is not required to pay for purported off-the-clock work that is "so minute or irregular that it is unreasonable to expect the time to be recorded").

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
TEL (415) 357-4600
FAX (415) 357-4605

1

### FORTY-FOURTH AFFIRMATIVE DEFENSE

2      44.    As a forty-fourth, separate and further affirmative defense, Wayfair asserts that

3  Plaintiff's Complaint and each claim therein, is barred to the extent that Wayfair did not have

4  actual or constructive knowledge that Plaintiff or any putative class member were denied any meal

5  or rest periods. *See, e.g.*, *Brinker v. Super. Ct.*, 53 Cal. 4th 1004, 1040-1041 (2012) ("[T]he

6  employer is not obligated to police meal breaks and ensure no work thereafter is performed. Bona

7  fide relief from duty and the relinquishing of control satisfies the employer's obligations, and work

8  by a relieved employee during a meal break does not thereby place the employer in violation of its

9  obligations and create liability for premium pay."); *Jong v. Kaiser Found. Health Plan, Inc.*, 226

10  Cal. App. 4th 391, 396 (2014) ("To prevail on his off-the-clock claim, [the employee] must prove

11  that [the employer] had actual or constructive knowledge of his alleged off-the-clock work.").

12

### FORTY-FIFTH AFFIRMATIVE DEFENSE

13      45.    As a forty-fifth, separate and further affirmative defense, Wayfair asserts that

14  Plaintiff's Complaint and each claim therein, fails to the extent that Plaintiff and the putative class

15  members did, in fact, take all meal periods and rest breaks to which they claim they were entitled

16  throughout their employment. Wayfair, at all relevant times, posted the applicable Wage Order and

17  had policies and practices that provided meal periods and authorized and permitted rest periods as

18  required by law.

19

### FORTY-SIXTH AFFIRMATIVE DEFENSE

20      46.    As a forty-sixth, separate and further affirmative defense, Wayfair asserts that

21  Plaintiff's Complaint and each claim therein, is barred to the extent that Plaintiff and putative class

22  members signed legally valid written waivers of any meal periods or voluntarily waived meal

23  periods. These claims are further barred to the extent that Plaintiff and putative class members

24  waived their second 30-minute meal period during shifts, if any, in which they worked at least 10

25  hours, but less than 12 hours, and were provided with the first 30-minute meal period during those

26  same shifts.

27  ///

28  ///

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
TEL (415) 357-4600
FAX (415) 357-4605

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
TEL (415) 357-4600
FAX (415) 357-4605

**FORTY-SEVENTH AFFIRMATIVE DEFENSE**

47.   As a forty-seventh, separate and further affirmative defense, Wayfair asserts that Plaintiff's Complaint and each claim therein, is barred to the extent that Plaintiff and any putative class members voluntarily waived rest periods.

**FORTY-EIGHT AFFIRMATIVE DEFENSE**

48.   As a forty-eight, separate and further affirmative defense, Wayfair asserts that Plaintiff's Complaint and each claim therein, is barred to the extent that Plaintiff and putative class members were paid a premium pay of an additional hour of regular pay for each day, if any, when not provided a meal period or not authorized or permitted to take a rest period. The payment of such premium pay negates any additional liability for alleged meal or rest period violations.

**FORTY-NINTH AFFIRMATIVE DEFENSE**

49.   As a forty-ninth, separate and further affirmative defense, Wayfair asserts that Plaintiff's Complaint and each claim therein, is barred to the extent the claims are based on the theory that premium pay must be paid at an employee's regular rate of pay. The California Labor Commissioner, Division of Labor Standards Enforcement ("DLSE") recognizes that "premium" payments paid to employees for working overtime in any day or workweek should be "excluded in determining" the regular rate. *See* DLSE Enforcement Policies and Interpretations Manual (Revised) (2002). And "district courts within the Ninth Circuit that have addressed this issue have agreed that, as a matter of law, meal-period premium payments to employees are not included in the rate used to calculate the employee's overtime pay." *Mitchell v. Medtronic, Inc.*, 2015 WL 12747824, at *3 (C.D. Cal. Feb. 13, 2015), *aff'd*, 684 F. App'x 624 (9th Cir. 2017) (citing *Rubin v. Wal-Mart Stores, Inc.*, 599 F. Supp. 2d 1176, 1177 (N.D. Cal. 2009); *Kamar v. Radioshack Corp.*, 2008 WL 2229166 (C.D. Cal. 2008)). "[U]nder both federal and state law, mealperiod premium payments paid by an employer to an employee as required by [California Labor Code] Section 226.7 are considered premium payments and thus are not required to be considered 'remuneration' in calculating an employee's regular rate for overtime purposes." *Mitchell*, 2015 WL 12747824, at *3.

/ / /

1

### FIFTIETH AFFIRMATIVE DEFENSE

2      50.      As a fiftieth, separate and further affirmative defense, Wayfair asserts that Plaintiff's

3  Complaint and each claim therein, is barred to the extent the claims are based on the theory that

4  premium pay must include the value of bonuses. Under California Labor Code Section 226.7(c),

5  premium pay for meal and rest period violations is paid at one additional hour of pay at the

6  employee's "regular rate of compensation." On the other hand, California Labor Code Section

7  510(a) requires overtime to be paid at 1.5 or 2 times an employee's "regular rate of pay." This

8  "regular rate of pay [for overtime purposes] . . . include[s] [the value of] non-discretionary

9  bonuses." *Culley v. Lincare Inc.*, 2017 WL 3284800, at *5-*6 (E.D. Cal. Aug. 2, 2017) (citing 29

10  U.S.C. § 207(e)(3)). Given the difference in language between these statutes, courts recognize that

11  the value of bonuses are not included in the rate at which employees' premium payments for meal

12  and rest period violations are paid. Instead, premium pay is paid strictly at an employee's base

13  hourly rate. *See, e.g.*, *Brum v. MarketSource, Inc.*, 2017 WL 2633414, at *4 (E.D. Cal. June 19,

14  2017) (granting a motion to strike without leave to amend, and finding Wayfair's argument

15  "persuasive" that the amount of premium pay "includes only an employee's base pay rate, and no

16  other forms of compensation"); *Wert v. Bancorp*, 2015 WL 3617165, at *3 (S.D. Cal. Jun. 9, 2015)

17  (not permitting the plaintiff to amend her premium pay claim to allege that "§ 226.7's 'regular rate

18  of compensation' is synonymous with § 510's 'regular rate of pay'": "In the absence of legal

19  authority stating that § 226.7's 'regular rate of compensation' language is the same as § 510's

20  'regular rate of pay' language, this Court reiterates its previous determination that the legislature's

21  choice of different language is meaningful, and that the relief under § 226.7 is not necessarily or

22  logically the same as the relief under § 510 insofar as the 'regular rate' language is involved.");

23  *Bradescu v. Hillstone Rest. Grp. Inc.*, 2014 WL 5312546, at *8 (C.D. Cal. Sept. 18, 2014) (holding

24  that no authority supports "the view that 'regular rate of compensation,' for purposes of meal

25  period compensation, is to be interpreted the same way as 'regular rate of pay' is for purposes of

26  overtime compensation," and emphasizing that "the legislature's choice of different language [in

27  the applicable statutes] is meaningful").

28  / / /

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
TEL (415) 357-4600
FAX (415) 357-4605

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
TEL (415) 357-4600
FAX (415) 357-4605

**FIFTY-FIRST AFFIRMATIVE DEFENSE**

51.     As a fifty-first, separate and further affirmative defense, Wayfair asserts that Plaintiff's Complaint and each claim therein, is barred to the extent that Wayfair did not have actual or constructive knowledge about any purported overtime or off-the-clock work allegedly performed by Plaintiff and/or the putative class members. *See, e.g.*, *Jong v. Kaiser Found. Health Plan, Inc.*, 226 Cal. App. 4th 391 (2014) ("[W]here the acts of an employee prevent an employer from acquiring knowledge, here of alleged uncompensated overtime hours, the employer cannot be said to have suffered or permitted the employee to work in violation of § 207(a)."); *Forrester v. Roth's I.G.A. Foodliner, Inc.*, 646 F.2d 413, 414 (9th Cir. 1981) ("[W]here an employer has no knowledge that an employee is engaging in overtime work and that employee fails to notify the employer or deliberately prevents the employer from acquiring knowledge of the overtime work, the employer's failure to pay for the overtime hours are not a violation.").

**FIFTY-SECOND AFFIRMATIVE DEFENSE**

52.     As a fifty-second, separate and further affirmative defense, Wayfair asserts that Plaintiff's Complaint and each claim therein, is barred because the wage statements of Plaintiff and all putative class members fully complied with the requirements of California Labor Code § 226.

**FIFTY-THIRD AFFIRMATIVE DEFENSE**

53.     As a fifty-third, separate and further affirmative defense, Wayfair asserts that Plaintiff's Complaint and each claim therein, is barred because even if Plaintiff can demonstrate wage statement deficiencies under California Labor Code § 226, Wayfair did not willfully, knowingly, or intentionally violate the provisions of that statute.

**FIFTY-FOURTH AFFIRMATIVE DEFENSE**

54.     As a fifty-fourth, separate and further affirmative defense, Wayfair asserts that Plaintiff's Complaint and each claim therein, is barred to the extent that Plaintiff cannot allege any facts showing that Wayfair failed to keep records in accordance with the requirements of California Labor Code § 1174(d).

/ / /

/ / /

1

**FIFTY-FIFTH AFFIRMATIVE DEFENSE**

2      55.     As a fifty-fifth, separate and further affirmative defense, Wayfair asserts that

3 Plaintiff's Complaint and each claim therein, fails to the extent that Plaintiff cannot allege facts

4 showing that Wayfair failed to pay him or any putative class member the required minimum wage

5 for all hours worked while employed by Wayfair. Plaintiff, therefore, has no claim pursuant to

6 California Labor Code §§ 1194 and 1194.2.

7

**FIFTY-SIXTH AFFIRMATIVE DEFENSE**

8      56.     As a fifty-sixth, separate and further affirmative defense, Wayfair asserts that

9 Plaintiff's Complaint and each claim therein, fails to the extent that it seeks anything but restitution

10 for alleged violations of the Labor Code that form the basis of the claims under the UCL.

11

**FIFTY-SEVENTH AFFIRMATIVE DEFENSE**

12      57.     As a fifty-seventh, separate and further affirmative defense, Wayfair asserts that

13 Plaintiff's Complaint and each claim therein, fails because the alleged practices of Wayfair, even

14 assuming they occurred, are not unfair, unlawful, or fraudulent, the public is not likely to be

15 deceived by any alleged practices, Wayfair gained no competitive advantage by such alleged

16 practices, and the benefits of the alleged practices outweigh any harm or other impact they may

17 cause.

18

**FIFTY-EIGHT AFFIRMATIVE DEFENSE**

19      58.     As a fifty-eight, separate and further affirmative defense, Wayfair asserts that

20 Plaintiff's Complaint and each claim therein, fails to the extent that Plaintiff cannot show a specific

21 and individualized amount of property claimed by him and/or any member of the purported class,

22 as required for a remedy of restitution under the UCL.

23

**FIFTY-NINTH AFFIRMATIVE DEFENSE**

24      59.     As a fifty-ninth, separate and further affirmative defense, Wayfair asserts that

25 Plaintiff's Complaint and each claim therein, fails to the extent that Plaintiff seeks attorneys' fees

26 and costs because he cannot show the enforcement of an important right affecting the public

27 interest.

28 / / /

**LAFAYETTE & KUMAGAI LLP**
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
TEL (415) 357-4600
FAX (415) 357-4605

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
TEL (415) 357-4600
FAX (415) 357-4605

### SIXTIETH AFFIRMATIVE DEFENSE

60.     As a sixtieth, separate and further affirmative defense, Wayfair asserts that prosecuting a class action and certification of the alleged class as representative of the general public under California Business and Professions Code § 17200 is barred, under the facts and circumstances of this case, because provisions of § 17200 violate the provisions of the United States and California Constitutions, including, but not limited to, the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

### SIXTY-FIRST AFFIRMATIVE DEFENSE

61.     As a sixty-first, separate and further affirmative defense, Wayfair asserts that Plaintiff's Complaint and each claim therein, is barred in whole or in part because Wayfair complied with its statutory obligations, and to the extent it is determined that there was technical non-compliance, Wayfair substantially complied with its obligations and is not liable in whole or in part for the claims of Plaintiff.

### SIXTY-SECOND AFFIRMATIVE DEFENSE

62.     As a sixty-second, separate and further affirmative defense, Wayfair asserts that Plaintiff's Complaint and each claim therein, fails to the extent that Plaintiff and the putative class members did not inform Wayfair of or seek reimbursement of reasonably and necessarily incurred business expenses. An employer cannot be held liable for failing to reimburse an employee's necessary expenses if it does not know or have reason to know that the employee has incurred the expense.

### SIXTY-THIRD AFFIRMATIVE DEFENSE

63.     As a sixty-third, separate and further affirmative defense, Wayfair asserts that Plaintiff's Complaint and each claim therein, fails to the extent that Plaintiff and the putative class members seek reimbursement for expenses that were not incurred in the direct consequence of the discharge of their duties or were not necessary and reasonable.

### SIXTY-FOURTH AFFIRMATIVE DEFENSE

64.     As a sixty-fourth, separate and further affirmative defense, Wayfair asserts that Plaintiff's Complaint and each claim therein, is barred to the extent that Wayfair has satisfied any

expense reimbursement obligation under California Labor Code § 2802 and/or Plaintiff and the individuals he seeks to represent have failed to request reimbursement for reasonable and necessary business expenses reimbursable under Labor Code § 2802.

<strong>SIXTY-FIFTH AFFIRMATIVE DEFENSE</strong>

65.    As a sixty-fifth, separate and further affirmative defense, Wayfair asserts that Plaintiff's Complaint and each claim therein, is barred by the ground that Plaintiff and/or other putative class members ratified Wayfair's alleged actions.

<strong>SIXTY-SIXTH AFFIRMATIVE DEFENSE</strong>

66.    As a sixty-sixth, separate and further affirmative defense, Wayfair asserts that Plaintiff's allegations that this action should be certified as a class action fail as a matter of law because Plaintiff cannot allege facts sufficient to warrant class certification and/or an award of class damages, pursuant to California Code of Civil Procedure § 382 or Rule 23 of the Federal Rules of Civil Procedure.

<strong>SIXTY-SEVENTH AFFIRMATIVE DEFENSE</strong>

67.    As a sixty-seventh, separate and further affirmative defense, Wayfair asserts that Plaintiff's Complaint and each claim therein, fails to the extent that Plaintiff cannot allege predominant questions of fact and law, as required under California Code of Civil Procedure § 382 or Rule 23 of the Federal Rules of Civil Procedure.

<strong>SIXTY-EIGHT AFFIRMATIVE DEFENSE</strong>

68.    As a sixty-eight, separate and further affirmative defense, Wayfair asserts that Plaintiff's Complaint and each claim therein, is barred, in whole or in part, as a class action, because a class action is not the superior method of adjudicating this dispute.

<strong>SIXTY-NINTH AFFIRMATIVE DEFENSE</strong>

69.    As a sixty-ninth, separate and further affirmative defense, Wayfair asserts that Plaintiff's Complaint and each claim therein, fails to the extent that Plaintiff is not an adequate representative of the alleged class that he purports to represent. Wayfair alleges that Plaintiff does not have claims typical of the alleged class, if any, and that Plaintiff's interests are antagonistic to

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
TEL (415) 357-4600
FAX (415) 357-4605

the alleged class he purports to represent. As such, the class action claims and allegations fail as a matter of law.

### SEVENTIETH AFFIRMATIVE DEFENSE

70. As a seventieth, separate and further affirmative defense, Wayfair asserts that Plaintiff's Complaint and each claim therein, is barred to the extent that he seeks to recover civil penalties for which no private right of action exists, including, but not limited to, his claims pursuant to Labor Code § 204.

### SEVENTY-FIRST AFFIRMATIVE DEFENSE

71. As a seventy-first, separate and further affirmative defense, Wayfair asserts that this action should be stayed pursuant to the doctrine of exclusive concurrent jurisdiction. There is another matter currently pending in the Alameda County Superior Court, entitled *Lionesha Hamilton v. Wayfair LLC* (Case No. RG19006990), which involves the same parties and causes of action as those in this matter and which seeks certification of the same putative class as to Wayfair as in this case.

### PRAYER

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff take nothing by his Complaint;

2. That Defendant did not damage or harm Plaintiff, or any of the other members of the purported class, in any way;

3. That Plaintiff is not entitled to any wages, compensation, benefits, penalties, restitution, injunctive relief, declaratory relief, attorneys' fees, costs, or any other legal or equitable remedy due to any act or omission of Defendant;

4. That Plaintiff is not an adequate representative to bring an action under the standards of the California Unfair Competition Law, California Business and Professions Code §§ 17200, et seq., California Code of Civil Procedure § 382, and/or Rule 23 of the Federal Rules of Civil Procedure;

5. That the Complaint fails to allege facts sufficient to show that there is a predominance of common questions of law or fact among Plaintiff and/or any other person upon

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
TEL (415) 357-4600
FAX (415) 357-4605

whose behalf Plaintiff purports to act;

6.      That the Complaint be dismissed in its entirety with prejudice;

7.      That Plaintiff be denied each and every demand and prayer for relief contained in the Complaint.

8.      For costs of suit incurred herein including reasonable attorneys' fees pursuant to Labor Code 218.5, Code of Civil Procedure section 1021.5, and any other applicable law; and

9.      For such other and further relief as the Court deems just and equitable.

Dated: June 30, 2022.                    LAFAYETTE & KUMAGAI LLP


                                         By: _____
                                               Gary T. Lafayette
                                         Attorneys for Defendant
                                         WAYFAIR ENTERPRISES LLC

ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES
(Case No. CVRI2201919)                                                    18

1

# PROOF OF SERVICE

2

3       I am employed in the City of Oakland, County of Alameda in the State of California. I am

4   over the age of eighteen years and not a party to the within action. My business address is 1300
    Clay Street, Suite 810, Oakland, California 94612.

5       On June 30, 2022, I served the following document(s):

6   ## ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

7       The document(s) were served by the following means:

8

| XX | **(BY MAIL):** I caused each and such envelope with postage thereon fully prepaid, to be placed in the United State mail at Oakland, California. I am readily familiar with the practice for the collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection. |
|---|---|
| | **(BY PERSONAL SERVICE):** I caused to be personally served each document listed above on the addressee(s) noted below. |
| | **(BY FACSIMILE):** I caused to be sent via facsimile at the facsimile number listed below, a copy of each document to the addressee(s) noted below. |
| | **(BY OVERNIGHT MAIL):** I caused to be delivered to an overnight courier service each document to the addressee(s) noted below. |
| | **(BY ELECTRONIC MAIL):** I caused a copy of the document(s) to be sent from e-mail address kmikkelsen@lkclaw.com to the persons at the email addresses listed below. |

16      I served the document(s) on the person(s) listed below addressed as follows:

17  James R. Hawkins
    Christina M. Lucio
18  JAMES HAWKINS APLC
    9880 Research Drive, Suite 200
19  Irvine, California 92618
    Telephone: (949) 387-7200
20  Facsimile: (949) 387-6676
    Email: James@Jameshawkinsaplc.com
21          Christina@Jameshawkinsaplc.com

22  *Attorneys for Plaintiff Charles Hendrix, et al.*

23      I declare under penalty of perjury under the laws of the State of California that the

24  foregoing is true and correct.  Executed on June 30, 2022*,* at Oakland, California.

25

26  _____
    Kirsten Mikkelsen

27

28

---

ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES
(Case No. CVRI2201919)                                                    19

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
TEL (415) 357-4600
FAX (415) 357-4605

**PROOF OF SERVICE**

I am employed in the City of Oakland, County of Alameda in the State of California. I am over the age of eighteen years and not a party to the within action. My business address is 1300 Clay Street, Suite 810, Oakland, California 94612.

On June 30, 2022, I served the following document(s):

**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**

The document(s) were served by the following means:

| | |
|---|---|
| **XX** | **(BY MAIL):** I caused each and such envelope with postage thereon fully prepaid, to be placed in the United State mail at Oakland, California. I am readily familiar with the practice for the collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection. |
| | **(BY PERSONAL SERVICE):** I caused to be personally served each document listed above on the addressee(s) noted below. |
| | **(BY FACSIMILE):** I caused to be sent via facsimile at the facsimile number listed below, a copy of each document to the addressee(s) noted below. |
| | **(BY OVERNIGHT MAIL):** I caused to be delivered to an overnight courier service each document to the addressee(s) noted below. |
| | **(BY ELECTRONIC MAIL):** I caused a copy of the document(s) to be sent from e-mail address kmikkelsen@lkclaw.com to the persons at the email addresses listed below. |

I served the document(s) on the person(s) listed below addressed as follows:

James R. Hawkins
Christina M. Lucio
JAMES HAWKINS APLC
9880 Research Drive, Suite 200
Irvine, California 92618
Telephone: (949) 387-7200
Facsimile: (949) 387-6676
Email: James@Jameshawkinsaplc.com
        Christina@Jameshawkinsaplc.com

*Attorneys for Plaintiff Charles Hendrix, et al.*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on June 30, 2022**,** at Oakland, California.

Kirsten Mikkelsen

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
TEL: (415) 357-4600
FAX: (415) 357-4605